MARY TENK AND JOHN W. LOCK, IMPL'D, ETC.,

v.

JOHN LOCK, ON INTERPLEADER, ETC.

*Administration—Dower and Homestead—Death of Widow—Partition—Bill of Interpleader by Judgment Creditor—Laches—Sufficiency of Judgment.*

Upon a bill filed by certain heirs for the partition of premises which had been held by the widow as her dower and homestead, it is *held:* That a judgment creditor of the ancestor may maintain a bill of interpleader in his own name to enforce his claim; that there was no *laches,* although the delay in enforcing the judgment was about thirteen years; and that the judgment is substantially good when attacked in a collateral proceeding.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GOVERT, for appellant.

Mr. CHARLES M. GILMER, for appellee.

CONGER, P. J.  Jacob Lock, Jr., died intestate December 7, 1871.  Administration was had upon his estate, and all his real estate, except his dwelling house and two acres of land, which was assigned to his widow as her dower, and occupied by herself and children as a homestead, was sold.

The widow continued to occupy said homestead until her death, in September, 1884, after which the heirs of Jacob Lock, Jr., by a bill in chancery, sought to partition the same. Appellee, Jacob Lock, being the owner of a claim against the estate of Jacob Lock, Jr., filed a bill of interpleader in the partition suit asking that his claim be first paid out of the proceeds of the sale.  The court so decreed, and two of the heirs bring the record to this court for review.

It is first objected to the decree, that when partition is sought by bill in chancery, the proceeds of a sale, if one should be had, upon a failure to make partition, can not be decreed to be paid on the debts of the deceased ancestor, but that this can only be done when the partition is sought by petition under the statute, and Labadie v. Hewitt, 85 Ill. 341, is cited to sustain that view.  As we read that case it holds the reverse of the foregoing position, at least so far as paying to the administrator of the deceased ancestor, and that question we shall notice further on.

It is next objected that the delay of about thirteen years is not sufficiently explained to warrant the court in rendering the decree complained of.  The property having been, during the whole period of delay, incumbered with the widow's right of dower, and also the estate of homestead therein of herself and children, it is clear there was no *laches*, unless the value of the property so far exceeded the value of these two estates that in selling such excess there should not be a sacrifice of the

creditors' rights in the land. We think from a consideration of the evidence as to value, that the amount that could probably have been made by a sale for the benefit of creditors would have been so small as to bring the case fairly within the language of Bursen v. Goodspeed, 60 Ill. 281: "It is quite evident that forcing the land to a sale at public auction, incumbered as it was with the claims of homestead and dower, would have been a palpable sacrifice of the creditors' rights in the land; that they would have derived no appreciable benefit from the sale; * * * the heirs would have lost the land, and the creditors their debts."

It is next objected that appellee could not thus present his individual judgment and have it paid out of the proceeds of the sale; that his only remedy was to have the administrator of the estate interplead for the benefit of all the creditors. We think there is no force in this objection. There might be no administrator at the time. The other creditors might be unwilling to enter into the litigation, and to hold that appellee, who has a judgment lien against the land, unless he has lost it by *laches*, which in this case we do not think he has, can do nothing to protect and secure his own rights until such time as he can induce some one else to assist him, would not be reasonable, nor according to the well known rule that the vigilant creditor shall be rewarded.

Lastly, it is urged there is no sufficient judgment of the County Court establishing appellee's claim against the estate. The judgment offered in evidence is a copy of the judgment docket required by Sec. 25, Chap. 25, R. S., and shows when the claim was filed, giving the name of the claimant and of the estate against which it is filed, the amount of the claim, and then follows this entry: "Judgment for $222.12 in favor of Jacob Lock, Sr., rendered April 23, 1872, as of the 4th class." This claim, having been contained in the administrator's reports, recognized, and acted upon by the County Court as based upon a sufficient judgment, we think is substantially good, when attacked in a collateral proceeding.

We do not think any of the objections are well taken, and the decree of the Circuit Court will be affirmed.

*Judgment affirmed.*