CHARLES H. JUDD, Admr.

*v.*

FRANK P. ROSS *et al.*

*Filed at Mt. Vernon June 19, 1893.*

1. ADMINISTRATION—*defects in proceedings for appointment of administrator.* Under the Revised Statute of 1845, an affidavit intended as a petition for letters of administration upon an estate, which fails to state the names of the heirs left by the decedent and the probable amount of his personal estate, is defective, but such defect is not of such character as to deprive the court of jurisdiction to act on the petition.

2. SAME—*who entitled to letters.* In 1864 a person died intestate, leaving a widow, next of kin and creditors. The widow relinquished her right to administer on the estate, and letters were issued by the clerk of the county court to one who was neither next of kin of the deceased nor a creditor of his estate, without any relinquishment of the prior rights of next of kin and creditors: *Held,* that such person was not entitled to the grant of letters until after the expiration of seventy-five days from the death of the intestate, under the law then in force.

3. SAME—*grant of letters—presumption as to the date of their approval.* The record showed that on May 5, 1864, A appeared before the county clerk and filed an affidavit of the death of B, intestate, and the widow's relinquishment of her right to administer. The clerk took A's bond as administrator and issued letters on the estate of B before the expiration of seventy-five days from B's death. The court took no action approving the grant of letters until the June term, which convened on the third Monday of June, and the record failed to show the date of such approval: *Held,* that it would be presumed that such approval was not made until it was authorized by law.

4. SAME—*validity of claims—contesting, on second petition for leave to sell land.* Where claims against an estate are established in a proceeding by an administrator for leave to sell real estate for their payment, and the debts are not fully paid by such a sale, and a second petition is filed for leave to sell other real estate, the heirs will be estopped by the former decree from disputing the validity of the claims in the second proceeding, they having been parties to the first proceeding.

5. LIMITATIONS—*petition by administrator for leave to sell land to pay debts.* The statute has not provided a period of limitation within which an administrator must file a petition to sell lands to pay debts, but in analogy to the Statute of Limitations, relating to the lien of judgments, the period of seven years has been adopted as the proper time within

which application shall be made. This may be regarded as the general rule, but if the delay is satisfactorily explained, the mere lapse of time will not bar an application for leave to sell land to pay debts.

6. SAME—*excuse for delay.* The failure of an administrator to sell lands set off to the widow as her dower and homestead, until after her death, when it is apparent that an earlier sale would have sacrificed the property, is no bar to a petition for leave to sell such land. The fact that an earlier sale could not have been made without great sacrifice and loss, is a sufficient excuse for delay in the proceeding.

APPEAL from the County Court of Jefferson county ; the Hon. WILLIAM T. PACE, Judge, presiding.

This was a petition in the county court of Jefferson county, by Charles H. Judd, administrator *de bonis non* of the estate of Patrick Ross, deceased, against Frank P. Ross and others, children and heirs-at-law of Patrick Ross, deceased, for leave to sell real estate to pay debts. It was set out in the petition that Patrick Ross died intestate in Jefferson county, April 8, 1864 ; that petitioner was appointed administrator *de bonis non*, October 5, 1892 ; that James Sherley, former administrator, was discharged January 4, 1868, leaving no personal assets undisposed of ; that the debts allowed and unpaid amount to $660.91, besides interest, and other claims will be limited to expenses of administration ; that decedent died owner of certain real estate in said county, all of which was sold by the former administrator to pay debts, except what was set off to the widow as dower, viz., the north-west quarter of the north-west quarter of section 22, and the east half of the south-west quarter of the north-east quarter of section 27, all in township 4, south, range 4, east of the third principal meridian, containing sixty acres. The deceased left him surviving, Minerva A. Ross, widow, now deceased, and children and heirs-at-law, all now living, as follows, viz. : Eliza J. Wilkey, Rachael Lovin, Margaret Sherley, Luia Heck, Luta Easley, Anna Fisher, Frank P. Ross and Patrick B. Ross ; prays for an order to sell the real estate above described to pay the debts of the intestate. Exhibit "A" is a list of claims filed

and allowed as of the fourth class, amounts paid thereon by former administrator, and balance of principal due thereon, as follows: Allowed, total, $1404.40; paid, $743.50; balance of principal unpaid, $660.90.

The defendants, children and heirs of Patrick Ross, deceased, answered the petition, admitting the death of Patrick Ross and the pretended appointment of James Sherley as administrator, and the filing of an inventory, appraisement bill and sale bill, as alleged; defendants deny that the court had jurisdiction to appoint Sherley, or he to act; aver that Ross left enough personal estate to pay his debts; aver the claims filed were fraudulent, barred by the Statute of Limitations when filed, and are now barred by statute; aver the claims were never made judgments against the estate; that the land in the petition described might have been sold, subject to dower, more than seven years before the petition was filed; that the dower lands were abandoned by the widow in 1882, and have since been in open and notorious possession of the defendants.

On the hearing, on the pleadings and evidence, the court entered a decree dismissing the petition, and the administrator, the petitioner, appealed.

Mr. C. H. Patton, and Mr. Albert Watson, for the appellant:

In the first proceeding to sell lands to pay debts the widow and all the heirs were made parties. Dower was assigned and the remainder of the land sold, and the proceeds paid only fifty-three per cent of fourth class claims. The land so assigned would bring nothing at public sale, and it was preferred to wait until the life estate became extinct. The widow held possession of the life estate twenty-six years, and until her death, in 1892. The claims allowed in the first proceeding were thereby settled conclusively against the heirs. The question of the validity of those claims is *res judicata.*

The land sought to be sold here was assigned to the widow of Patrick Ross in 1866, as her dower, and was occupied by her in person, or by her tenant, until her death, in 1892. This dower being assigned became a subject of sale and transfer, as much as any other life estate. *Summers* v. *Babb*, 13 Ill. 485.

The widow can not be divested of her dower except by the provisions, forms and requirements of positive law. Statute of Conveyances, sec. 18; Dower act, sec. 16; *Francisco* v. *Hendricks*, 28 Ill. 64; *Ex parte McElwain*, 29 id. 442; *Nicoll* v. *Miller*, 37 id. 388; *Adams* v. *Storey*, 135 id. 448.

It is not obligatory upon the court to order partition of premises assigned as dower or homestead subject thereto, but under section 22 of the Partition act this is simply permissive. A sale of premises in which a dower interest exists, without assigning the dower or ascertaining its yearly value, would be error. *Fleming* v. *Vennum*, 45 Ill. 374.

It was insisted by appellee in the county court that the appointment of James Sherley as administrator, in 1866, and all his acts as such administrator, were void, because no written "petition" was filed by him for such appointment, so far as the old files in the case now show. To this we reply: First, that such petition may have been filed, and during the twenty-seven years that have elapsed it may have been lost out of the papers. The evidence of James Sherley shows that he was in court when he "was appointed on petition," and acted until discharged by the court. Second, the statute did not, in terms, require any petition in writing, but if it must be so construed, then the affidavit of James Sherley and relinquishment by Minerva Ross, widow, of her prior right in favor of Sherley, can be called a "petition." Third, it is admitted in the evidence all through that Sherley acted under his appointment as administrator, hence he was a *de facto* administrator, and being such, the regularity of his appointment can not be questioned in a collateral proceeding such as this case is. *Wight* v. *Wallbaum*, 39 Ill. 563.

*Res judicata* also applies to all questions in this case as to the death, intestacy and insolvency of the estate of Patrick Ross, deceased, as well as to the particular claimants, and the right of James Sherley to administer by virtue of the former decree in the county court to sell real estate at the October term, 1866, between the same parties in interest as in this case. *Bostwick* v. *Skinner*, 80 Ill. 147; *Wright* v. *Dunning*, 46 id. 271.

Mr. GEORGE B. LEONARD, for the appellees:

The claims here, at the time of filing the prior petition, were there, as now, presented as a mere exhibit and in an accumulated body. The pretended creditors were not parties to the proceeding, and the court would not have allowed them. (*Davenport* v. *Young*, 16 Ill. 548.) Nor were the heirs privies to any of their claims. *Sutherland* v. *Harrisson*, 86 Ill. 363.

On an application by an administrator to sell land to pay debts, a judgment against the administrator is only *prima facie* evidence as against the heir, and it is open to investigation on an application for an order to sell the land of the heirs for its payment. *Goeppner* v. *Leitzelmann*, 98 Ill. 409.

Appellees deny that James Sherley was appointed administrator of this estate so as to affect the rights of appellees in the real estate. If he was legally such as to the lands he would have only a bare power. *Phelps* v. *Funkhouser*, 39 Ill. 401; *Gridley* v. *Watson*, 56 id. 186; *Shoemate* v. *Lockridge*, id. 503; *Stiger* v. *Bent*, 111 id. 328.

The law provides that upon the filing of a petition therefor and giving bond, the county clerk may issue letters of administration, subject to the approval of the court. Rev. Stat. 1845, p. 147, sec. 39, and p. 549, sec. 64.

As to the jurisdiction of county courts to grant letters of administration, see Laws of 1859, p. 95, sec. 9; *Heirs of Langworthy* v. *Baker*, 23 Ill. 484; *Wight* v. *Wallbaum*, 39 id. 563.

The act of the county clerk in issuing letters is only ministerial, and may be inquired into even in a collateral proceeding. *Hughes* v. *Streeter*, 24 Ill. 647; *Railway Co.* v. *Cragin*, 71 id. 179.

The record showing the attempt of the county court thereafter to legalize the act of the clerk is not sufficient, no evidence being heard and nothing before the court to sustain a finding of necessary facts, which this record should show. *Bostwick* v. *Skinner*, 80 Ill. 150.

Appellant says Sherley testified he was appointed administrator on petition. This question is to be determined by the record,—not by oral testimony. *Schnell* v. *Chicago*, 38 Ill. 390.

If the widow had a homestead in the land on which the house stood it was but mere exemption, (*Eldridge* v. *Pierce*, 90 Ill. 475,) which she could have lost in several ways, and did do so: First, by failing to set up her right in the proceeding by Sherley. (*Wright* v. *Dunning*, 46 Ill. 271; *Walker* v. *Doane*, 108 id. 236.) Second, she lost her homestead by letting the land sell for taxes. *Prettyman* v. *Walson*, 34 Ill. 175; *Peyton* v. *Jeffries*, 50 id. 143; *Stowe* v. *Steele*, 114 id. 382.

She again lost her homestead right by removing from the place in 1882, and continuously making her home with her daughter up to the time of her death. The debtor may leave his home for temporary purposes, but the intention to return must be clearly manifested. *Wright* v. *Dunning*, 46 Ill. 271.

The leaving of one or two scraps of furniture on the place would not hold the homestead right. Not only this right, but even that of dower, was lost when the widow permitted the land to sell for taxes. Starr & Curtis' Stat. chap. 41, sec. 45; *Finch* v. *Brown*, 3 Gilm. 488; *McConnell* v. *Green*, id. 590; *Jones* v. *Devon*, 8 Ohio, 430.

The right to subject the land to the payment of debts is lost by limitation. *McCoy* v. *Morrow*, 18 Ill. 519; *Moore* v. *Ellsworth*, 51 id. 308; *Reed* v. *Colby*, 89 id. 104; *Rosenthal* v. *Renick*, 44 id. 202.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The first question presented involves the legality of the appointment of James Sherley as administrator of the estate of Patrick Ross, deceased. Letters of administration were issued, as it is claimed, by the clerk of the county court of Jefferson county, forty-seven days after the death of Ross, and it is said that Sherley was not entitled to letters, for the reason he was not next of kin, and did not have the relinquishment of the persons who were, nor was he a creditor, nor did he file a petition stating the names of the heirs.

Section 55 of the chapter entitled "Wills," (Rev. Stat. 1845,) which was in full force when the letters were granted, provides : "Administration shall be granted to the husband upon the goods and chattels of his wife, and to the widow or next of kin to the intestate, or some of them, if they will accept and are not disqualified, but in all cases the widow shall have the preference, but if no widow or other relative shall apply within sixty days, the court of probate may grant administration to any creditor; and in case no application be made by a creditor within fifteen days next ensuing the lapse of said term of sixty days, administration may be granted to any person." Section 64 of the same statute provides, where application is made within the seventy-five days by any person not entitled to letters, as husband, widow, next of kin or creditor, the court of probate, before granting administration, shall cause such applicant to produce satisfactory evidence that the person or persons having the preference have relinquished their prior right thereto.

As respects the filing of a petition, the record shows that James Sherley filed with the clerk of the county court an affidavit that Patrick Ross died intestate April 8, 1864, in Jefferson county. This was doubtless intended as a petition for letters, and it may be so regarded. It seems to comply with the statute, except that it fails to state the names of the

heirs and the probable amount of the personal estate of the deceased. But this defect would not deprive the court of jurisdiction to act.

The objection that the administrator, James Sherley, was not a relative nor a creditor of the deceased, and was appointed before the expiration of seventy-five days from the death of Ross, presents a more serious question. The record shows that the widow relinquished her right to letters of administration, but there was no relinquishment by next of kin, who were entitled to administer, within sixty days after the death; nor was there a relinquishment by the creditors, who had fifteen days after the expiration of the sixty days. Sherley, being neither a creditor nor relative of the deceased, was not strictly entitled to letters of administration until the expiration of seventy-five days, unless the widow and next of kin and creditors had before that time relinquished the right. But the record before us fails to show that Sherley was appointed administrator by the county court before the seventy-five days from the death of Ross expired, and in the absence of that fact from the record we will presume he was not appointed before the statute authorized the appointment. It does appear that Sherley appeared before the county clerk on May 25, 1864, and filed an affidavit of the death of Patrick Ross intestate, and filed a relinquishment from the widow, and that the clerk took from Sherley a bond and issued to him letters; but no action was taken by the court on the doings of the clerk until the June term of said court, 1864, which did not convene, under the statute then in force, until the third Monday of June. During that term of court, but at what date the record fails to show, the court approved the bond filed by Sherley as administrator, and also approved the letters of administration which had been issued, and ordered them recorded. Under these orders of the court Sherley became clothed with power to act as administrator, and if not made until after the twenty-third day of June, the seventy-

five days having then expired, Sherley was entitled to the appointment of administrator, and in the absence of proof to the contrary it will be presumed that the order of the court confirming the appointment was not made until authorized by the statute.

It is next insisted that the claims contained in exhibit "A" to the petition are not valid claims against the estate, and that they are barred by lapse of time. It appears from the record that James Sherley, the former administrator, filed a petition to the October term, 1886, of the county court of Jefferson county, against the widow and children of Patrick Ross, deceased, who are defendants in the petition in this case, for leave to sell real estate to pay debts. A list of the claims allowed against the estate was attached to the petition as an exhibit, and they are the same debts involved in this case. The children and heirs of Patrick Ross (the present defendants) were duly summoned. On the hearing the court found that the claims in the list attached to the petition were valid and subsisting claims against the estate, and that there was a deficiency of assets to pay debts of $1793.13. The court also found that Patrick Ross died seized of the east half of the north-east quarter of section 21, and the south-west quarter of the north-east quarter of section 27, and the north-west quarter of the north-west quarter of section 22, in all one hundred and sixty acres, worth $1600, in Jefferson county, Illinois. The court appointed commissioners to assign dower to Minerva A. Ross, widow, in the lands, and the commissioners, after viewing the premises, assigned to her as dower the north-west quarter of the north-west quarter of section 22 and the east half of the south-west quarter of the north-east quarter of section 27, all in township 4, south, range 4, east of the third principal meridian, sixty acres. The report of the commissioners was approved, and the remaining one hundred acres of land were ordered sold to pay the debts of the deceased.

In the former application for leave to sell real estate to pay debts these defendants were parties defendants, and the administrator of the estate was petitioner. The former proceeding was therefore between the same parties. The claims involved in that case and in this are the same. Their validity was passed upon and determined. No new claims are here involved. The question of the validity of the claims is, therefore, *res judicata,* and the heirs (the present defendants) can not again call in question the validity of the claims which were determined valid in the former application for leave to sell real estate.

The only remaining question to be considered is, whether the creditors whose claims were allowed against the estate have lost the right to enforce payment by sale of real estate, by delay and lapse of time. It will be observed that the sixty acres of land which the petitioner now seeks to obtain a decree to sell, were set off to the widow as her dower. The forty acre tract was the homestead of Patrick Ross when he died, and the estate of homestead became vested in the widow after his death. From the time the land was set off to the widow she occupied it, in person or by tenant, until her death, in 1892. As soon as the widow died and the land became released from the dower of the widow and her homestead rights by her death, this proceeding was instituted to subject the land to sale to pay the unpaid balance due upon the debts of the deceased. The statute has not provided a period of limitation within which an administrator must file a petition to sell lands to pay debts, but in analogy to our statute of limitations, relating to the lien of judgments, the period of seven years has been adopted as the proper time within which the application should be made. This may be regarded as the general rule. But if the delay is satisfactorily explained, the mere lapse of time will not bar an application for leave to sell land to pay debts. Here, the fact of the land having been set off to the widow as dower, and forty acres of the sixty encumbered with

4—146 ILL.

the right of homestead, and being in the occupancy of the widow by herself and tenants, was a sufficient reason why proceedings were not instituted to subject it to sale by an administrator. Had it been subjected to sale, encumbered, as it was, with the widow's dower and homestead, nothing would have been realized from the forty acre tract, and the other twenty acres would not have sold for more than would, in all probability, pay the costs. The proceeding would therefore have resulted in no benefit to any one. The creditors would have secured nothing, and the land would have been sacrificed. Had the land been forced to sale at auction, encumbered as it was, it could not have been sold for more than a nominal sum. Moreover, no person has acquired any interest in the land, by purchase from the heirs or otherwise, but, on the other hand, it remains now in the same condition as it did at the death of Ross. Under such circumstances, as was held in *Bursen* v. *Goodspeed*, 60 Ill. 277, we think the delay was explained, and it should not work a bar to a proceeding to sell the land after the dower and right of homestead had been extinguished.

The decree of the county court will be reversed and the cause remanded.                                    *Decree reversed.*