## Aleta Goodrum et al., Appellees, v. James H. Mitchell et al., Appellants.

LACHES—*when bars right to enforce claims.* The failure of creditors continuing during a period of twenty years to enforce their claims against the estate of a deceased debtor, not sufficiently explained, bars the right to the enforcement of such claims.

Partition. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

Edward J. Sweeney, for appellants.

Lemon & Lemon, for appellees.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an appeal from a decree in partition rendered upon a bill filed by appellees against appellants.

The bill insofar as the questions here involved are concerned alleges in substance that John P. Mitchell, late of DeWitt county, died intestate in the year 1874, leaving him surviving Elizabeth Mitchell, his widow, and Lillian Mitchell (now Stock), James H. Mitchell and William G. Mitchell, his children and only heirs at law; that at the time of his death said John P. Mitchell was seized in fee simple of part of out-block 16 in the city of Clinton, which property was at the time of his death his homestead; that in the year 1901, William G. Mitchell died leaving him surviving his widow, Sarah Day, and Aleta Goodrum (formerly Mitchell) his daughter and only heir at law; that in November, 1903, Elizabeth Mitchell, widow of the said John P. Mitchell, died leaving the said James H. Mitchell, Lillian Stock and Aleta Goodrum as her only heirs at law, and possessed in fee of certain lots in Ashley's Addition to the city of Clinton; that the estate of John P. Mitchell had been settled and all of his indebtedness paid; that the defendants, James H. Mitchell and Lillian Stock, claimed that the estate of the said John P. Mitchell deceased was insolvent, and that out of their own funds and in order to prevent a sale of the property in question to pay the debts of said estate, they paid certain judgments against said estate amounting to a large sum of money and would claim a lien on the property in question to secure the payment to them of the amount of such pretended claims; that the estate of the said John P. Mitchell was not insolvent but on the contrary was of value

much more than sufficient to pay the debts of said estate, and that if said defendants had purchased any judgments against the same the collections of such judgments had since been barred by the Statute of Limitations, and that if they pretended to hold any claims of any kind or character against said estate or the complainants or either of them, that such claim or claims did not accrue to said defendants or either of them within five or ten years or sixteen years or twenty years next before the filing of the bill. That the said John P. Mitchell departed this life in the year 1874 and that at the time of his death the property in question in the case was of the value of $3,000 and that at said time he was the equitable owner of a large amount of farm lands the title to which was held by Warner and Moore in trust for the said John P. Mitchell and that about six years after the death of the said John P. Mitchell the said trustees reconveyed to the said widow and heirs of the said John P. Mitchell, deceased, 240 acres of land in said county of DeWitt of the value of $15,000 and vested them with the title thereto besides paying them several thousand dollars pursuant to said trust, and that the indebtedness of said estate of the said John P. Mitchell amounted to only about the sum of $2,000. The bill then makes James H. Mitchell and wife and Aleta Goodrum and husband parties defendant thereto, and prays that the real estate described in the bill be partitioned between said defendants and the complainants.

The defendants by their answer to said bill allege in substance that John P. Mitchell at his death was insolvent, and that he owned no property excepting the homestead property in out-block 16 which was worth not exceeding $1,500; that after the death of John P. Mitchell and while administration was pending, defendant Lillian Stock paid out of her own funds a large amount of money for judgments which had been rendered against John P. Mitchell's estate and

the said judgments had been assigned to her and had never been paid, and that defendant James H. Mitchell also owned judgments in his own right and as assignee against said estate, which judgments were also unpaid; that the judgments so unpaid were liens against said homestead; that the moneys represented by said payments made by appellants should be paid to the appellants out of the proceeds of the sale of the said homestead; that said judgments should be held to be liens on said homestead; and that appellants, Lillian Stock and James H. Mitchell, should be reimbursed for the moneys paid out by them for said judgments; that several years after the death of John P. Mitchell, deceased, Elizabeth Mitchell, his widow, William G. Mitchell, James H. Mitchell and Lillian Stock, his children, brought suit against John Warner and C. H. Moore in relation to certain lands, and that the suit was compromised, Warner and Moore conveying to Elizabeth Mitchell and her children about 240 acres of land.

It is also alleged in the answer that William G. Mitchell, father of Aleta Goodrum, received his equitable proportion in said compromise and that the matters and things contained in the bill as to the litigation with Warner and Moore were irrelevant and immaterial; that the said William G. Mitchell, deceased, father of Aleta Goodrum, did not directly or indirectly pay any of the debts or judgments against his father's estate; but that said judgments were brought by appellants and that appellant James H. Mitchell obtained in his own name and in his own right against his father's estate judgment for $700 which had not been paid and which is a lien upon said homestead. The cause was referred to the master in chancery whose findings upon the controverted questions were that there was not sufficient assets in the estate of John P. Mitchell, deceased, to pay the judgments rendered against his estate and that the administration of said estate had not been completed; that the premises in out block 16

were worth $1,500 at the time of the rendition of said judgments and that Elizabeth Mitchell, the widow of John P. Mitchell, had homestead and dower in said premises which were not set off to her during her lifetime; that there was due Lillian Stock on account of judgments rendered against John P. Mitchell during his lifetime and since assigned to said Lillian Stock the sum of $1,273.77, and to James H. Mitchell on similar judgments held by him as judgment creditors and as assignee the sum of $2,560.87; that said judgments were obtained, purchased and held by them to protect the estate of James H. Mitchell and those interested therein; that the premises in question were subject to the lien of said judgments. The cause was heard before the chancellor upon exceptions by the complainants to the report of the master and a decree entered sustaining said exceptions so far as said claims of the defendants were concerned, and finding that the judgments held by Lillian Stock and James H. Mitchell were stale; that said defendants were guilty of laches in the prosecution of their claims based thereon; that the same were barred by the Statute of Limitations and awarded a partition of said premises free from said claims.

It will be unnecessary to consider the question as to the existence or validity of the claims of the defendants for the reason that we are of opinion that even if valid the same are incapable of enforcement as against the interests of the complainants in the property sought to be partitioned.

It is true, as contended, that if all the assets of the estate of a deceased person have been exhausted in the payment of debts except real estate which is encumbered to its full value by the homestead and dower of his widow, holders of unsatisfied claims against his estate may wait until such encumbrances have been extinguished or removed before attempting to enforce their claims against said estate, and that under such circumstances the mere lapse of time will not bar such

enforcement.  People v. Lanham, 189 Ill. 326; Thomas v. Waters, 122 Ill. App. 435; Tenk v. Lock, 26 Ill. App. 216; Bursen v. Goodspeed, 60 Ill. 277.

It does not appear, however, that such state of facts existed in the present proceeding.  It is averred in the bill and admitted by the answer that at the time of the death of John P. Mitchell he was the equitable owner of 240 acres of land, the title to which stood in John Warner and C. H. Moore in trust.  The evidence discloses that several years thereafter a suit was instituted against said Moore and Warner which was compromised by a re-conveyance of said real estate, then worth at least $8,000, to the widow and heirs of said John P. Mitchell more than twenty years prior to the filing of the present bill.  Notwithstanding such conveyance the equitable title to the said real estate was subject to the payment of the debts of John P. Mitchell, and we perceive no reason why the claims of the defendants, if void, could not have been by appropriate proceedings enforced against the same.  The failure of the defendants during a period of over twenty years to thus enforce their alleged claims, is not satisfactorily explained and the delay, we think, amounted to such laches as to bar the relief sought.  Wolf v. Ogden, 66 Ill. 224; Hanna v. Palmer, 194 Ill. 41; Brown v. Morgan, 81 Ill. App. 233; Judd v. Ross, 146 Ill. 40; Graham v. Brock, 212 Ill. 579; Bishop v. O'Connor, 69 Ill. 431; Wilcoxon v. Wilcoxon, 230 Ill. 93.

We are of opinion that the decree of the Circuit Court was proper and that the same should be affirmed.

*Affirmed.*