McCormick *v.* Evans.

## CYRUS H. McCORMICK

*v.*

## GEORGE EVANS, JR.

33 327
133 669

1. PRESUMPTION OF PAYMENT — *after twenty years.* Where money has been due, under a contract for the purchase of land, for more than twenty years, the law presumes its payment.

2. EQUITABLE TITLE — *what constitutes.* Broderick, who held the patent title to a tract of land, entered into a contract with Pickerell and Walker, by which he agreed to convey to them upon the payment of a stipulated sum of money; a portion of which was to be paid upon the execution of the contract, and the balance in one year. Pickerell conveyed, by deed, to Walker, and Walker to Greeno. Walker also agreed, in writing, with Greeno to furnish him with a clear chain of patent title from the patentee to himself, including a deed from Broderick to Walker and Pickerell, and Pickerell's deed to Walker. Greeno assigned the agreement between Walker and himself, to Evans, who entered into possession, and

continued to reside on the premises for about ten years. By lapse of time, the money due on the original contract between Broderick and Pickerell and Walker, was presumed to be paid. *Held*, that Evans had, under the assignment from Greeno, such an equitable title as would be enforced in equity.

3. EQUITABLE TITLE TO LAND — *statute of limitations.* And such an equitable title is such as constitutes a defense under our statute of limitations.

4. ACKNOWLEDGMENTS IN OTHER STATES — *what is sufficient.* A contract relating to the title to land lying in this State, appeared to have been acknowledged before the first judge of Schenectady county, in the State of New York. It did not appear that he was authorized by the laws of New York to take acknowledgments of deeds, or that he was a judge before whom our laws ever authorized such acknowledgments to be taken. It did not appear that he was a judge of a Supreme, Superior or Circuit Court, or of a court of record. It was held there was not sufficient proof of the execution of the contract.

5. EVIDENCE — *certified copies of recorded instruments.* A contract of sale of land may be recorded, without *any* acknowledgment, or proof of execution, whatever; but a certified copy of the record will not be evidence until the instrument is acknowledged, or proven, as the law requires.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of ejectment, instituted in the court below by Cyrus H. McCormick against George Evans, Jun., to recover the undivided half of a certain tract of land situate in Adams county.

The trial resulted in a judgment for the defendant; thereupon the plaintiff sued out this writ of error. The case is sufficiently stated in the opinion of the court.

Messrs. SKINNER & MARSH, for the plaintiff in error.

Messrs. GRIMSHAW & WILLIAMS, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was an action of ejectment for an undivided one-half of the northwest quarter of section two, township five, south of range three west, in Pike county.

On the trial, the plaintiff adduced a regular chain of title from the United States to John Broderick, and from John Broderick to himself. The defendant set up a connected title in equity,

deducible of record, from John Broderick to George Evans, *Senior*, and his seven years' possession by actual residence thereon, under whom the defendant claimed possession. In support of this defense, was adduced in evidence an agreement between John Broderick and Esau Pickerell and John M. Walker, dated the 19th July, 1838, by which instrument Broderick agreed to convey to Pickerell and Walker the land in question, together with other lands, upon the payment of the sum of five hundred and fourteen dollars; two hundred and fourteen dollars of which was to be paid upon the execution of the contract, and the remaining three hundred dollars in one year from that date; which agreement was recorded the 9th November, 1838.

The defendant also introduced in evidence a deed from Pickerell to Walker, dated 12th October, 1840; and a deed from Walker to one Philip Greeno, dated 11th February, 1846. The defendant further read in evidence a contract between Walker and Greeno, dated 18th June, 1850, by which Walker agreed to furnish Greeno with a clear chain of patent title from the patentee to himself, including a deed from Broderick to Walker and Pickerell, and Pickerell's deed to Walker of the northwest quarter of section two, township five south, in range *two* west; and an assignment of this contract by Greeno to George Evans, *Senior*, without date. It did not distinctly appear at what time this assignment was delivered; but it appeared that George Evans, *Senior*, had, since the year 1860, resided upon the premises, and claimed title thereto under the title papers read in evidence by the defendant. At the commencement of this suit, more than twenty years had elapsed from the time when the money became due from Pickerell and Walker to Broderick, under the agreement of 19th July, 1838; and after that lapse of time, the law presumes its payment. 1 Phil. Ev. 676.

The title set up by the defendant, aided by the presumption of payment of the money due from Pickerell and Walker to Broderick, would be regular to Philip Greeno, if sufficiently proven; but the contract between him and Walker, under which George Evans, *Senior*, derives title, describes a quarter section in range *two* west, instead of range *three* west; and the contract

between Broderick and Pickerell and Walker was not sufficiently proven. It is insisted by the defendant that the description, " two west," in the contract between Walker and Greeno, was a clerical mistake, and although the evidence presented by the record is not, as it would seem, as satisfactory as it might have been, we should not be disposed to disturb the finding of the court below on that ground. The mistake is one which a court of equity would correct upon a proper application. We are of the opinion that George Evans, *Senior*, had, under the assignment from Greeno, such an equitable title as would have been enforced in a court of equity; such an one as constituted a defense under our statute of limitations; and that the possession from the time the assignment was delivered was such as the statute requires.

We are, however, obliged to reverse the judgment of the court below, for the reason that the contract between Broderick and Pickerell and Walker was not sufficiently proven. A certified copy of it from the recorder's office was read in evidence; from which, it purported to have been acknowledged before the first judge of Schenectady county, in the State of New York. It does not appear that he was authorized by the laws of New York to take acknowledgments of deeds, or that he was a judge before whom our laws ever authorized such acknowledgments to be taken. It does not appear that he was a judge of a Supreme, Superior, or Circuit Court, or of a court of record. The contract might be recorded without any acknowledgment or proof of execution whatever, but a certified copy of the record was not evidence until the instrument was acknowledged or proven as the law requires.

The judgment is reversed and the cause remanded.

*Judgment reversed.*