PETER OETTINGER, Admr. *et al.*

*v.*

FRANK J. SPECHT, Admr. *et al.*

*Filed at Ottawa June 13, 1896.*

1. APPEALS AND ERRORS—*appellate jurisdiction in proceedings to sell lands of decedent to pay debts.* A writ of error lies from the Supreme Court to a county court for the purpose of reviewing an order for the sale of lands of a decedent to pay debts, subject to the homestead and dower rights of his widow. (*Lynn* v. *Lynn*, 160 Ill. 307, followed.)

2. PROCESS—*what is a sufficient summons in proceeding to sell lands to pay debts.* The summons in a proceeding to sell lands to pay debts and assign homestead and dower need not state that the petition prays for such assignment, that being merely ancillary to the application to sell lands, and authorized by statute to be incorporated in that application.

3. SAME—*method of serving, in proceeding to sell lands to pay debts.* A summons in proceedings by an administrator to sell lands of the intestate for payment of debts, under the statute, (Rev. Stat. 1874, chap. 3, p. 122, sec. 102,) may be served by reading, only, even though homestead and dower are to be assigned in the same proceeding.

4. EXECUTORS AND ADMINISTRATORS—*propriety of decree of sale to pay debts—homestead and dower.* A decree for the sale of lands of an intestate for the payment of debts is not erroneous, as decreeing homestead and dower in all the lands and not requiring the homestead to contribute to the dower, although the preliminary decree adjudged that the widow had homestead in certain lots and dower in all the lands, where it is found that dower cannot be assigned, and it is decreed that the whole of the real estate subject to the homestead and dower of the widow be sold.

5. SAME—*lands may be sold to pay debts subject to dower.* Real estate of an intestate may be sold for the payment of his debts, subject to his widow's right of dower.

6. SAME—*when premises cannot be sold to pay debts subject to homestead.* Homestead premises not exceeding $1000 in value cannot be sold to pay debts, by the administrator of a deceased householder, until after the termination of the exemption in favor of the widow and children, and a sale subject to the homestead right or estate is improper.

WRIT OF ERROR to the County Court of Marshall county; the Hon. WINSLOW EVANS, Judge, presiding.

J. L. MURPHY, and BARNES & BARNES, for plaintiffs in error.

FRED S. POTTER, for defendants in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

In March, 1888, John Billesbach died, leaving him surviving Mary E. Billesbach, his widow, and two children, Mary Specht, wife of Frank J. Specht, and Catherine Oettinger, a widow. Said Frank J. Specht became administrator of his estate. In due course of administration it was ascertained that the personal estate of the decedent was insufficient to pay the just claims allowed against his estate. Thereupon said administrator filed his petition in the county court of Marshall county for the sale of the real estate of his intestate to satisfy such indebtedness, and said Mary E. Billesbach, Mary Specht and Catherine Oettinger, and also one Peter Thomas, a tenant in possession of a part of the land, were made parties defendant.

It is provided in section 44 of the Dower act, that whenever application is made to a county court for leave to sell real estate of a deceased person for the payment of debts, and it appears that there is a dower and homestead, or either, interest in land sought to be sold, such court may in the same proceeding, on the petition of the executor or administrator or of the person entitled to dower and homestead, or either, cause the dower and homestead, or either, to be assigned, and shall have the same power and may take like proceedings therefor as is provided for assignment of dower in said Dower act. The petition filed in this case by the administrator was not only for the sale of land to pay debts, but also for the assignment of homestead and dower to Mary E. Billesbach, widow of the deceased. Such proceedings were had in the county court as that two lots in Henry, in said Marshall county, were set off and assigned as homestead,

and as that it was determined that the dower of said Mary E. Billesbach could not be set off and assigned to her without manifest prejudice to the parties in interest, and as that a decree was entered for the sale of the whole of the real estate of the deceased for the payment of the debts of his estate, subject to the homestead and dower rights of said Mary E. Billesbach.

The lands of the intestate were sold on the 15th day of October, 1888, at public vendue, and in accordance with the terms of the decree, by the administrator, and such sale was reported to and approved by the county court, and said court also entered an order approving and confirming the deed executed by the administrator to the purchaser at such sale. Several years thereafter, and on or about the 9th day of July, 1891, the above mentioned Catherine Oettinger died testate, and by her last will and testament she devised and bequeathed to her son, Peter Oettinger, certain designated real estate and personal property, and devised and bequeathed to her three daughters, Catherine McCormack, Minnie Delfelt and Clara Thompson, all the rest of her property, real, personal and mixed. The writ of error now before us was sued out by the said Peter Oettinger, administrator with the will annexed of said Catherine Oettinger, deceased, and by said Catherine McCormack, Minnie Delfelt and Clara Thompson, for the purpose of reversing the aforesaid order and decree of the county court for the sale of the lands belonging to the estate of the father of their deceased mother.

Defendants in error claim that a writ of error does not lie from this court to the county court for the purpose of reviewing the decree in question, and that this writ should be dismissed. This claim, on the authority of *Lynn* v. *Lynn*, 160 Ill. 307, must be denied.

It is urged by plaintiffs in error that the county court erred in proceeding to judgment and decree under the summons that was issued in that court, because the peti-

tion that was filed by the administrator was not simply a petition to sell the lands of his intestate for the payment of debts, but also a petition to assign and set off homestead to the widow of the deceased, and also a petition to assign dower to her, whereas the summons simply stated that the defendants were required to answer a petition "that prays that the court will order and direct a sale of real estate of said deceased for the payment of debts." There is no merit in this contention. The proceeding was one for leave to sell real estate to pay debts, and the statute, as we have seen, expressly provides that in such proceeding the court may, on the petition of the administrator, cause dower and homestead, or either, to be assigned. The proceeding did not cease to be a proceeding to sell land to pay debts merely because the petition submitted to the court these additional matters of dower and homestead. The latter matters were merely ancillary to the principal matter, which was the application to sell lands for the specified purpose, and were authorized by the statute to be incorporated in such application, and the defendants were bound to know that such was the law.

The objection that the service of the summons was not sufficient to give the court jurisdiction of the parties defendant, because it was served by reading only, and not by copy, is not well taken. The statute (Rev. Stat. chap. 3, sec. 102,) provides, in terms, that in a proceeding to sell lands to pay debts of a decedent "the service of summons shall be made by reading thereof to the defendant or by leaving a copy thereof," etc. Section 26 of the Dower act, which provides that where a surviving husband or wife sues the heirs-at-law or other persons having the next estate of inheritance or freehold, by petition in chancery for the recovery of dower, "the defendants to any such petition shall be summoned in the same manner as defendants to suits in chancery," is wholly inapplicable to the case in hand. The proceeding before us for re-

view was not prosecuted by a surviving husband or wife, nor was it for the recovery of dower.

It is claimed that the court erred in decreeing homestead and dower in all of the lands and not requiring the homestead to contribute to the dower. We are unable to see how any such question properly arises upon this record or is here of any practical importance. It is true, that in the preliminary decree the court adjudged that Mary E. Billesbach had homestead in the two lots in Henry and dower in all of the real estate of which her husband died seized, and directed the commissioners to set off and allot to her homestead in said lots "and assign her dower," and authorized them, if they deemed it best for all persons interested, to "allot the whole of said dower in a body or out of two or more of said tracts of land." But while the commissioners set off to the widow the two lots in Henry for her homestead, reporting they were used together and not of $1000 in value, yet they also reported that the real estate of the deceased was so circumstanced that dower could not be assigned therein without manifest prejudice to the parties in interest. The court approved and confirmed the acts of the commissioners and their report, and entered a decree vesting an estate of homestead in the widow, in accordance with the assignment made by the commissioners. As it was found impracticable to assign and set off dower, and as the widow had filed no assent in writing that her estate in dower might be sold with the rest of the interest in the lands, the proceeding, so far as dower was concerned, was necessarily abandoned. (Rev. Stat. chap. 3, sec. 101.) The court thereupon found and decreed that it would be necessary to sell the whole of the real estate, and decreed that it should be sold subject to the homestead and dower rights of the widow. This, of course, meant that the two lots should be sold subject to the widow's estate of homestead and her right of dower therein, and that each of the other tracts of land should

be sold subject to her dower rights therein. The result accomplished by the final decree was that the homestead estate of the widow contributed to her dower, that part of the dower which was represented in the homestead being in abeyance until the homestead estate should be extinguished. *Jones* v. *Gilbert,* 135 Ill. 27.

It is claimed that the court erred in decreeing a sale of the real estate subject to the homestead and dower rights of Mary E. Billesbach. As we have already seen, there was no homestead right or homestead estate in the real estate other than the two lots in Henry that were set off to the widow as her homestead. The lands other than these lots were decreed to be sold, and were sold, subject to the widow's right of dower therein. There was no error in this. The county court had jurisdiction and power to order the sale of the real estate of the deceased for the payment of the debts of his estate, and this notwithstanding it may have been subject to a life estate of dower or incumbered by a right of dower. (*Kenley* v. *Bryan,* 110 Ill. 652.) But it was error to decree the sale of the two lots in Henry that were assigned to the widow as her homestead. They were of less value than $1000. Where the homestead premises do not exceed $1000 in value they cannot be sold to pay debts by the administrator of a deceased householder until after the termination of the exemption in favor of the widow and children, and it is error to decree a sale of such homestead premises subject to the homestead right or estate. *Hartman* v. *Schultz,* 101 Ill. 437.

The order and decree of the county court, so far as and to the extent that it is adjudged and decreed therein that the administrator should make sale of the two lots in Henry, is reversed. In all other respects it is affirmed. Plaintiffs in error will recover their costs in this court.

*Affirmed in part and reversed in part.*