JAMES FAGAN, Appellee, *vs.* MIRIAM C. BACH *et al.* Appellants.

*Opinion filed February 23, 1912—Rehearing denied April 3, 1912.*

1. PAYMENT—*when law presumes payment of debt.* The law presumes, until the contrary is shown, that a debt which for a period of over twenty years has been due and unclaimed by the creditor and unrecognized by the debtor has been paid.

2. SAME—*when presumption of payment must obtain in a suit at law.* Where the last payment under the terms of a contract for the purchase of land has been due for over twenty years, during which time the purchaser has been in the exclusive possession of the land without any claim by the vendor or his heirs that the purchase money has not been paid or any recognition by the purchaser of the debt as existing, it will be presumed, in an action

for the purchase money or in an action of ejectment, that the purchase money has been paid.

3. BURNT RECORDS—*bare legal title cannot be established under the Burnt Records act.* If the holder of the legal title to land has sold the land and the purchase money has been paid he is not entitled to have the title established in a Burnt Records proceeding, but in such case the purchaser may, under a cross-petition and proof of payment of the purchase money, have his title established.

4. SAME—*presumption of payment from lapse of time applies as a defense to Burnt Records proceeding.* Where the last payment under a contract for the purchase of land has been due for more than twenty years, during which time the purchaser has been in the exclusive possession of the land without any claim by the vendor or his heir that the purchase money has not been paid or any recognition by the purchaser that the debt exists, it will be presumed, in a proceeding under the Burnt Records act by the heir of the vendor, that the purchase money has all been paid and that the purchaser is entitled to a deed, and unless the petitioner rebuts this presumption he cannot have his title established.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

TINSMAN, RANKIN & NELTNOR, (EINAR C. HOWARD, of counsel,) for appellants.

CHARLES L. BARTLETT, and SHERMAN C. SPITZER, for -appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellee, James Fagan, filed his petition under the Burnt Records act for the purpose of establishing title in himself, in fee simple, to lots 3 and 4, except the part thereof taken and dedicated for an alley, in Fagan's subdivision of that part of lot 10 lying west of the Chicago, Rock Island and Pacific railroad, in School Trustees' subdivision of section 16, township 38, north, range 14, east of the third principal meridian, in Cook county, Illinois, to which petition the appellants were named as defendants. The petitioner prayed that the court would investigate and consider the matters and things stated and charged in said petition,

and would find, determine, establish and decree the title, in fee simple, to said premises to be in the petitioner, and would re-establish and confirm of record the chain of title to said premises of the petitioner, and decree that said defendants have not, nor any of them, any right, title, interest, claim or lien in, to, upon or against said premises, and that they be perpetually enjoined and restrained from asserting any right, claim, title or interest in or to said premises, and that the petitioner be put into the possession of said premises. The appellants filed a joint answer to said petition, in which they denied that appellee was the owner in fee of said premises, and averred that prior to October 3, 1873, Patrick S. Fagan, the father of the petitioner, and through whom, by descent, the petitioner claims title to said premises, was the owner of the said premises in fee, and averred that on that day said Patrick S. Fagan entered into a contract in writing with Peter Bach, the father of appellants and through whom they claim title, for the sale of the said premises, as follows:

"ENGLEWOOD, *October 3, 1873.*

"I, the undersigned, have sold to Peater Bache lots 3 and 4 in Fagan's subdivision for thirteen hundred dollars, one hundred paid to me on this day, the balance to be paid in six years, in yearly payments of two hundred dollars each, with interest at ten per cent.

P. S. FAGAN."

—whereby, for and in consideration of $1300, said Patrick S. Fagan sold to said Peter Bach said premises, which contract was filed for record and was recorded in the recorder's office of Cook county on October 27, 1893; that on the date of said contract said Peter Bach paid to said Patrick S. Fagan of said purchase money the sum of $100 and took possession of said premises, and thereafter paid to the said Patrick S. Fagan the balance of said purchase money, and became thereby owner of said premises and entitled to a deed from Patrick S. Fagan conveying the legal title thereto to him; that Patrick S. Fagan died June 13, 1905, without having conveyed the legal title to said prem-

ises to Peter Bach; that Peter Bach died March 12, 1906; that from the date of said contract to the date of his death said Peter Bach remained in possession of said premises, and that from the date of the death of said Peter Bach to the date of the filing of said petition the appellants, as the children and heirs-at-law of Peter Bach, continued in the possession of the premises and were in possession of said premises at the time said petition was filed, and averred they were the absolute owners of said premises; denied that the appellee was the owner of said premises or entitled to the relief, or any part thereof, prayed for in said petition, and asked that they might be dismissed out of court with their reasonable costs. The case was referred to a master in chancery to take the evidence of the respective parties and to report his conclusions as to the facts and the law. The master heard the evidence and prepared a report, in which he found that the premises in question, on October 3, 1873, belonged to Patrick S. Fagan; that on that date he sold said premises to Peter Bach; that Peter Bach paid $100 on said purchase and took possession of said premises and remained in possession thereof until his death, since which time the appellants, the children and heirs-at-law of Peter Bach, have continued in possession of said premises and were in possession of the same at the time the petition herein was filed, and that the appellee had succeeded to the rights of Patrick S. Fagan in said premises. The master also found that there was no evidence that any part of said purchase money, other than the $100, the payment of which has been acknowledged in said written contract, had been paid, and that there remained, so far as the evidence showed, unpaid of said purchase money the sum of $1200, and found that the appellee was entitled to the relief prayed for. Objections were filed before the master to said report and overruled, and again renewed as exceptions in the superior court and overruled. A decree was entered by the superior court establishing the title of

the appellee to said premises in fee and barring the appellants of all interest in said premises, and canceling said contract as a cloud upon the title of appellee and perpetually enjoining appellants from asserting title to said premises, and directing appellants to surrender the possession of said premises to appellee and confirming his possession and title to said premises. From that decree the appellants have prosecuted an appeal to this court.

If the appellants had been able to establish, by competent and satisfactory proof, that Peter Bach had paid the entire purchase money agreed to be paid to Patrick S. Fagan by him for said premises, there can be no question but the appellee must have failed in this suit, as the payment of said purchase money would have invested Peter Bach with the full equitable title to said premises, and the only interest which Patrick S. Fagan would have had in said premises would have been the bare legal title, which he would have been required to convey to Peter Bach by a court of equity, and the bare legal title remaining in Patrick S. Fagan would not have been such a title as should have been registered under the Burnt Records act, but on cross-petition in this case, had proof of the payment of the purchase money been made, the absolute title to said premises would have been established in the appellants and would have been properly registered in them. The main question, therefore, between the parties to this suit, and the one which has been principally argued in the briefs filed in this case, is, can the want of direct proof of the payment of the balance of the purchase money due upon said premises, as evidenced by said writing, be supplied by that presumption of payment which ordinarily obtains when a debt has been due for more than twenty years, during which period the debt has not been claimed on the one side to be due or on the other recognized as due? The question by the admission of the parties to be decided in this case is therefore narrowed to this: Will the law presume the purchase money due on the

said contract to have been paid by reason, alone, of the lapse of time and deny to appellee relief, or will the title of appellee be established unless competent and satisfactory proof that the purchase money evidenced by said contract has been paid is produced by appellants?

That the law presumes a debt which has been due and unclaimed and without recognition for twenty years to have been paid is unquestioned. In *McCoy* v. *Morrow,* 18 Ill. 519, it was said, on page 524: "After the lapse of twenty years, debts, of whatever degree, are presumed to have been satisfied, and this presumption will defeat a recovery on them unless rebutted by proof." And in *McCormick* v. *Evans,* 33 Ill. 327, it was held that where money has been due, under a contract for the purchase of land, for more than twenty years the law presumes its payment; and this statement of the law was recognized as correct in *Chicago and Northwestern Railway Co.* v. *Galt,* 133 Ill. 657. (See, also, *Alston* v. *Hawkins,* 105 N. C. 3.) In a note to this case where it has been reported in 18 Am. St. Rep. 875, the editor states: "Independently of the Statute of Limitations, the law raises a presumption, in the absence of explanatory evidence, that a debt which has been due and unclaimed and without recognition or payment of interest for twenty years has been paid,"—which statement, we believe, is a fair statement of the law and one that is supported by the great weight of authority in England and in this country.

We therefore conclude that the presumption that the balance of the purchase money due upon said contract had been paid would obtain upon a suit brought upon the contract to recover the said purchase money and that the suit would fail. We are also of the opinion that in an action of ejectment to recover the possession of the land by the appellee, against the appellants, the same rule would obtain, and the suit would be defeated on the ground that the law presumed the debt to have been paid. While the weight of

authority outside of this State is perhaps to the contrary, clearly such was the holding in *McCormick* v. *Evans, supra.* The question remains, however, will such presumption obtain in a suit like this, filed under the Burnt Records act?

The appellee urges the rule is universal that such presumption does not obtain in aid of an attack but if allowable at all it must be in support of a defense, and that a presumption of payment cannot be invoked in support of a defendant's title in a suit under the Burnt Records act as the parties to such a suit are both aggressors, the defendant no less than the petitioner, and in support of that position he cites *Smith* v. *Hutchinson,* 108 Ill. 662, *Gage* v. *Caraher,* 125 id. 447, and *Gage* v. *Gentzel,* 144 id. 450, where it is held that the petitioner is not required to show, by allegation or proof, that the defendant's title is invalid, but the burden rests upon the defendant to aver and establish by proof his own title, if he desires to do so. In this case no cross-petition was filed and the defendants asked no affirmative relief. The appellants, at most, sought to repel the attack made upon their title by the appellee, and if it were conceded that the presumption of payment may only be used as a shield and for the purpose of defense and that it can not be used as a sword and for the purpose of attack, we are unable to see how it can be said that presumption is sought to be used for the purpose of attack in this case. If the appellants had filed a cross-petition and sought to establish their title as against the appellee, then, clearly, they would have ceased to act upon the defensive and have become aggressors. This they did not do but acted on the defensive, only, and we think they might rightfully, in that state of the record, invoke in support of their defense the presumption of payment arising from the lapse of time, and if they can invoke such presumption, as that presumption was not rebutted, the entire amount of the purchase money evidenced by the contract of sale must be regarded as paid and the petitioner can have no relief. In *Beattie* v. *Whip-*

*ple,* 154 Ill. 273, it was held that a title would not be reg-
istered under the Burnt Records act as against parties who
had acquired title by adverse possession; and again, in
*Happ* v. *Happ,* 156 Ill. 183, it was held a grantee in an
unrecorded deed who permits the grantor and those claim-
ing under him to remain in possession and control of land,
as absolute owners, for more than thirty years, without as-
serting his title, will be held to be barred from asserting
title to the premises under the Burnt Records act. The an-
cestor of the appellants went into possession of the premises
in controversy on October 3, 1873. The purchase money
all became due in 1879, and no action was taken by the
vendor or his heir to re-claim possession of said premises
until the year 1910, and we think the presumption ought to
obtain, unless rebutted, that the purchase money was paid
and that Peter Bach was entitled to a deed which he had
never received, or that a deed had been delivered to him
which had not been recorded and had been lost or destroyed.
The presumption of payment is one that may be rebutted,
and would be easily rebutted in a case where the vendor
remained in possession of the land, but, as here, where the
vendee has remained in possession of the land for the length
of time that intervened between the date when the debt fell
due and the date of the filing of this petition, the presump-
tion of payment ought to be held to be almost conclusive.

We have considered this case thus far upon the view
that the presumption of payment, as applied to this case,
was invoked solely as a defense. If, however, it may not
properly be said to be invoked by way of defense, still we
are of the opinion that under the circumstances of this case
the presumption of payment ought to obtain as against this
purchase money debt. The law formerly was that the Stat-
ute of Limitations could not be used as a sword but could
only be used as a shield. This view has now been very
much modified, and a limitation title in this State may be
used as a means by which to reclaim the possession of land

as well as a means of defense. In *Kepley* v. *Scully,* 185 Ill. 52, it was said, on page 55: "It is now well settled that an adverse possession for a period of twenty years may not only be used as a defense to the title thereby acquired, but it may be enforced by affirmative action, either against a third party or against the original owner, where the latter succeeds in obtaining possession after the bar of the statute has become complete. In other words, title by an adverse possession of twenty years may be used as a sword to attack with when such possession is disturbed." While the presumption of payment rests upon a different ground from the Statute of Limitations, the presumption of payment being rebuttable while the statutory bar is not, we see no reason, if a title built up under the Statute of Limitations can be used for the purpose of attack, why a title which rests upon the presumption of payment after twenty years cannot be used for the purpose of attack,—at least to the extent of defeating a petition under the Burnt Records act where the party relying upon such presumption is in possession of land which is sought to be taken from him after his possession has remained unchallenged for a period of more than twenty years. We are of the opinion, whether the appellants' position is treated as a defensive one or as an aggressive one, to the extent of defending their title against the attack of appellee they have the right to invoke, until it is rebutted, the presumption of payment relied upon by them in this case. The appellants asked no affirmative relief. They do not, therefore, stand in the position of a party who invokes affirmative relief, as does a party who files a bill for specific performance or files a cross-bill or cross-petition under the Burnt Records act and relies upon the presumption of payment to establish his title.

The decree of the superior court will be reversed and the cause will be remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*