(No. 12591.—Reversed and remanded.)

NANNIE E. HOWE, Admx., Appellee, *vs.* CALVIN J. BROWN *et al.* Appellants.

*Opinion filed April 15, 1919.*

1. APPEALS AND ERRORS—*when a freehold is involved in a proceeding to sell real estate to pay debts.* Where the petition of an administratrix to sell real estate to pay debts of an intestate is resisted by one of the defendants on the ground that it includes more than the homestead, which was all that the deceased had at his death after he had conveyed the rest of his real estate by quit-claim deed to grantees through whom such defendant claims, a freehold is involved and an appeal may be properly taken to the Supreme Court.

2. ADMINISTRATION—*what must be proved by an administratrix who petitions to sell real estate.* An administratrix petitioning to sell real estate to pay debts of her intestate must prove that the title to the real estate in question was in the deceased at the time of his death and that there is a deficiency of personal property to pay debts due and unpaid.

3. SAME—*equity does not favor stale claims.* Equity does not favor stale claims, and presumptions are not indulged in their favor but strict proof of them is required.

4. SAME—*a judgment is a good claim although not originally sworn to.* Under section 65 of the act on administration of estates a judgment regularly obtained will be taken as duly proved and held valid even though it was not originally sworn to when the claim was filed.

5. SAME—*when a debt is presumed to have been paid.* In the absence of explanatory evidence, a debt which has been due and unclaimed, without recognition or payment of interest, for twenty years is presumed to have been paid.

6. SAME—*widow's award may be waived or estopped by laches.* The widow may waive her right to an award, and the doctrine of *laches* and estoppel applies to such claim.

7. SAME—*fee in homestead descends to heirs.* Where an intestate has an estate of homestead at the time of his death the fee in the homestead descends to and vests in his heirs, subject to the widow's right of dower and homestead interest.

8. SAME—*homestead interest can be assigned under a petition for sale to pay debts—amendment.* An estate of homestead, if not previously assigned, can be assigned in a proceeding under a petition to sell land to pay debts against the estate, and it is not nec-

essary that the petition request the assignment although it is the better practice, and the court may authorize an amendment for that purpose.

9. SAME—*when laches will not prevent filing a petition to sell real estate—notice.* The doctrine of *laches* will not preclude an administratrix *de bonis non* from filing a petition to sell the homestead of an intestate to pay debts more than twenty years after his death, where the petition is filed four years after the death of the widow and a year after the appointment of the administratrix; and an heir purchasing from the widow is presumed to have notice of the liability of the estate for the debts of the ancestor after the termination of the widow's homestead right.

APPEAL from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

HARVEY H. ATHERTON, for appellants.

W. SCOTT EDWARDS, and MARVIN T. ROBISON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition filed at the September term, 1917, of the circuit court of Fulton county by appellee, Nannie E. Howe, as administratrix *de bonis non* of the estate of Jacob Brown, deceased, to sell real estate to pay debts. After a hearing a decree was entered in said court in accordance with the prayer of the petition, ordering the sale of about three acres of land alleged to belong to said estate. From that decree this appeal was brought to this court.

Jacob Brown died intestate in Fulton county on July 1, 1894, leaving Priscilla A. Brown, his widow, and a number of children, including Nannie E. Howe and the appellants, as his heirs. A short time prior to his death he owned considerable real estate in said county,—680 acres or more,— upon which he resided with his family, and was extensively engaged in farming. He was also a member of the firm of Turner, Phelps & Co., a partnership engaged in the banking business in Lewistown, in said county. In December, 1893, this banking firm failed, and a voluntary assign-

ment was made of the firm's assets to James M. Stewart and George K. Linton, as assignees, for the benefit of creditors, of whom there appear to have been a large number. Suits were instituted by various creditors against Brown and other members of the banking firm. In order to settle with these creditors Brown made a conveyance of his real estate to Stewart and Linton, as assignees of Turner, Phelps & Co., reserving in said conveyance a homestead in the southeast quarter of section 20, township 4, range 3, east of the fourth principal meridian. A short time after Brown's death letters of administration were issued to Harvey R. Brown, one of his sons, who is an appellant here. An inventory and appraisement bill were filed, listing personal property to the amount of $318.50, and the widow's award was thereafter fixed at $1710. The widow took the appraised personal property on her award, claiming the balance in cash. A number of claims were filed against the estate of Jacob Brown, most of them apparently being obligations incurred by Turner, Phelps & Co., and the record in the county court of Fulton county shows a memorandum by the court of an allowance of these claims. On September 2, 1896, Harvey R. Brown, as administrator, filed a final report, reciting that he had turned over all the property coming to his hands to the widow on her award and that there was nothing with which to pay claims. This report was approved September 21, 1896. On October 29, 1915, Nannie E. Howe, the appellee herein, filed a petition in the county court of Fulton county to have Harvey R. Brown removed as administrator on the ground that he had moved from Illinois and was a non-resident, and he was removed and appellee was appointed administratrix *de bonis non* of said estate June 9, 1916. No report, account or statement showing the condition of the estate was filed by her, although she testified that she had filed an inventory, but at the time of this hearing it could not be found and no one knew where it was. At the September

term, 1917, of the circuit court of said county she filed her
original petition in this case. Her second amended petition
was filed in the circuit court January 23, 1918, alleging the
facts above set out, including the death of Jacob Brown
and the appointment of Harvey R. Brown as administrator,
the allowance of the claims and widow's award; also set-
ting out the items of claims allowed in the county court
against the estate of Jacob Brown and the balance of the
widow's award remaining due and unpaid; also setting up
the removal of Harvey R. Brown as administrator and the
appointment of appellee as administratrix *de bonis non,* and
alleging that certain real estate belonging to Jacob Brown
had not been inventoried by Harvey R. Brown; that no
personal property of any kind had come into the hands of
petitioner and there was none, and because of that fact she
had made no report as to the personal assets to the county
court; that there was a deficiency in the personal assets to
pay the just claims of the estate; that at the time of his
death Jacob Brown was the owner in fee of a described
part of the southeast quarter of section 20, containing three
acres, more or less, being that portion of the quarter section
upon which his dwelling house then stood; that said home-
stead premises were worth not to exceed $1000 in value,
wherefore she prayed for the sale of said real estate to pay
debts. Harvey R. Brown demurred to this second amended
petition, and the demurrer was overruled and he elected to
stand by his demurrer. Appellant Calvin J. Brown an-
swered the second amended petition, denying the material
allegations thereof, including the allegation that the home-
stead interest belonged to Jacob Brown at his death, and al-
leging the homestead property belonged to Calvin J. Brown,
he and a brother having purchased the same through *mesne*
conveyances from the assignees of Turner, Phelps & Co.;
that Calvin's brother had deeded his interest in said land to
him, and that his mother, Priscilla A. Brown, had thereafter
deeded her homestead rights to him, so that at the time of

this proceeding he was the owner in fee of all said quarter section, including the homestead interest.

After the pleadings were settled the cause was referred to a master in chancery to take and report the evidence together with his conclusions, and afterwards was re-referred. The master reported on the re-reference that Jacob Brown left him surviving a widow, Priscilla A. Brown, and seven sons, two daughters and a grandson, the child of a pre-deceased daughter; that Brown a short time prior to his death was the owner in fee simple of considerable land, including the southeast quarter of section 20 heretofore described; that on January 8, 1894, he quit-claimed his interest in all said real estate to the assignees of Turner, Phelps & Co. but that his wife did not join in the deed, and that therefore the grantor's interest in the homestead right in the southeast quarter of section 20 was not conveyed by said deed but that he died seized of said homestead interest of the value of $1000, and that by reason of his death his heirs became the owners in fee simple as tenants in common in said homestead, subject to the dower and homestead rights of the widow, Priscilla A. Brown; that one of the sons died intestate after the death of Jacob Brown, leaving his mother, brothers and sisters as his only heirs-at-law; that at the December term, 1894, of the circuit court of Fulton county the assignees of Turner, Phelps & Co. filed a bill in the circuit court of said county asking to have the homestead and dower interests of the widow set off in said land, and a decree was entered accordingly, apparently by agreement, the heirs-at-law of Jacob Brown not being made parties thereto, the decree finding that Priscilla A. Brown had a homestead interest in the portion on which the dwelling house was standing on the southeast quarter of section 20, (describing it,) amounting to about three acres, and that the remaining part of the southeast quarter of section 20 and the west three-quarters of the northwest quarter of section 28 be set off and allotted to Priscilla A.

Brown as and for her dower in all the real estate which
Jacob Brown conveyed to the assignees of Turner, Phelps
& Co.; that thereafter the assignees of Turner, Phelps &
Co. conveyed the southeast quarter of section 20 to Lucien
Gray, subject to the terms of the deed from Jacob Brown
to them, and that later Gray quit-claimed all his interest
in the quarter section to Harvey R. Brown and Calvin J.
Brown; that on November 30, 1901, Harvey R. Brown
quit-claimed all his interest in said premises to Calvin J.
Brown; that all of these deeds were filed for record within
a short time after they were executed; that on Novem-
ber 30, 1901, Priscilla A. Brown gave a quit-claim deed,
duly executed and acknowledged on the same day, purport-
ing to convey all of her interest in the quarter section to
Calvin J. Brown; that said deed was not filed for record
until June 2, 1915; that the widow's award was approved
by the county court of Fulton county at $1710 and the per-
sonal property appraised at $318.50; that the widow se-
lected the appraised chattels as part of her award, the bal-
ance ($1391.50) of the award to be paid in money; that
on November 9, 1894, a claim was allowed in said county
court against the estate of Jacob Brown in favor of Solo-
mon Horton, administrator of the estate of Ezra Horton,
deceased, for $1178.27; that in January and February,
1896, claims were allowed in said court against the estate
in favor of Laura J. Boyd for $3588.96, George N. Brown
for $4600 and Thomas A. Brown for $335.95, all as of
the seventh class. The master further found that more
than twenty years had elapsed since the filing and allowance
of these claims, and that there was no proof that the bal-
ance of the widow's award and said claims then remained
due and unpaid; that the homestead interest of Jacob
Brown at the time of his death, which descended in fee
simple to his heirs-at-law, had not been determined and set
off as required by law; that there was no proof in the rec-
ord on which to base a decree for the sale of the real es-

tate described in the second amended petition; that Calvin J. Brown had been in possession of the southeast quarter of section 20 from the time he received his deeds from Harvey R. Brown and Priscilla A. Brown, and had since that time claimed to be the owner thereof and looked after all the taxes and repairs; that during these years, until her death, in 1913, Priscilla A. Brown had resided with her son Calvin on the premises.

Objections were filed to the master's report and overruled and were allowed to stand as exceptions in the circuit court. The court sustained the exceptions and entered a decree finding that proof had been duly made that there was no personal property to pay the debts allowed against the estate and that there was a deficiency in the sum of $11,094.68, besides accrued interest and costs and expenses of administration; that Jacob Brown was seized in fee, at the time of his death, of a homestead of the value of $1000 in the southeast quarter of section 20, describing it; that said homestead interest was not subject to sale to pay the debts of the estate of Jacob Brown during the life of his wife, Priscilla A. Brown, who continued to reside on the premises until her death, March 8, 1913, and for that reason the Statute of Limitations did not run as to the debts and widow's award; that the homestead interest be sold to pay the aforesaid deficiency.

The appeal has been brought to this court on the ground that a freehold is involved, as appellant Calvin J. Brown denied in his answer that Jacob Brown owned any land at the time of his death,—particularly denying that he owned any homestead interest in the southeast quarter of section 20,—and claimed that in any event the only homestead interest he had in the land was of the value of $1000, and that the proof shows, without contradiction, that the land described as the homestead interest in the petition and decree was worth at least $1500, and that the $1000 homestead interest of Jacob Brown was never allotted or deter-

mined. On this state of the record we think a freehold was involved and that therefore the appeal was properly taken direct to this court. *Lynn* v. *Lynn,* 160 Ill. 307; *Sutton* v. *Read,* 176 id. 69; *Atherton* v. *Hughes,* 239 id. 632.

The burden of proving that the title of the real estate in question was in the deceased at the time of his death and that there was a deficiency of personal property to pay debts is upon the administratrix alleging it. (*Laughlin* v. *Heer,* 89 Ill. 119.) The burden of proof is always upon the party asserting the affirmative of a proposition. (*Chicago Union Traction Co.* v. *Mee,* 218 Ill. 9; *Abhau* v. *Grassie,* 262 id. 636.) Equity does not favor stale claims. The presumption should not be indulged in their favor but strict proof should be required.

Counsel for appellants claims that under the reasoning of this court in *Atherton* v. *Hughes,* 249 Ill. 317, the claims from which the decree found that a deficiency existed were not properly allowed in the county court; that the claim of Laura J. Boyd was not sworn to; that even though the administrator at that time may have consented to its allowance, it was improper, under the authorities, to allow it without its first being sworn to. We do not think this objection a valid one. Under the provisions of section 65 of the act on administration of estates (Hurd's Stat. 1917, p. 21,) a judgment regularly obtained will be taken as duly proved and held valid even though it was not originally sworn to when the claim was filed.

Counsel for appellants also argues that the claim of George N. Brown was filed more than a year after claim day, and that there is nothing of record to show that the administrator was summoned; that even though the court entered an order on its docket that the claim was consented to by the administrator *pro tem,* yet the claim does not show any indorsement or that the administrator *pro tem* or anyone else had any authority to consent to its allowance; that the claim of Ezra Horton was shown by the

memorandum of the judge to have been consented to by the administrator, yet his consent was not signed by such administrator. Under the reasoning of this court in *Bowen* v. *Bond,* 80 Ill. 351, and *Cassell* v. *Joseph,* 184 id. 378, we think the judgments on these claims, as shown on this record, were sufficient, if they were still due and unpaid, in accordance with what is hereafter stated, to justify the court in including them as a basis for the deficiency in the proceeding to sell land to pay debts.

Counsel for appellants states that it is also shown that the claim of Thomas A. Brown has been paid in full. This seems to be conceded by counsel for appellee, but it is argued that the alleged amount of the deficiency does not take into consideration the interest on any of the claims, and that if such interest were allowed the amount of the deficiency would be much larger than that specified in the decree. As the decree must be reversed for other reasons we do not deem it necessary to discuss further the question as to the total amount of the deficiency.

It is also earnestly argued by counsel for appellants that there is no proof of any kind in the record that any of these four claims, or the balance claimed to be due on the widow's award and figured as a part of the deficiency, are still due and unpaid; that even if these claims were properly allowed, they were allowed more than twenty years before the filing of the original petition in this case, and there is no attempt to prove, and no proof of any kind, that these claims, including the widow's award, are still due and unpaid; that this court has held that after the lapse of twenty years, debts, of whatever degree, are presumed to have been satisfied, and this presumption will defeat a recovery on them unless rebutted by proof. (*McCoy* v. *Morrow,* 18 Ill. 519.) This court has quoted with approval, after a review of authorities, the following doctrine: "Independently of the Statute of Limitations, the law raises a presumption, in the absence of explanatory evidence, that

a debt which has been due and unclaimed and without recognition or payment of interest for twenty years has been paid." (*Fagan* v. *Bach,* 253 Ill. 588.) That case is also found in 26 Ann. Cas. 505, with a review of the authorities in a somewhat extensive note. It would seem from an examination of these authorities that this court was right in stating in the opinion in *Fagan* v. *Bach, supra,* that the doctrine there laid down, heretofore quoted, was a fair statement of the law and one that is supported by the great weight of authority in England and in this country. The widow may waive her right to an award, and the doctrine of *laches* and estoppel applies to said claim. *Koelling* v. *Foster,* 254 Ill. 494.

Counsel for appellants argues that all of these claims against the estate of Jacob Brown, including the widow's award, are barred by the Statute of Limitations, as more than twenty years has elapsed since the filing of the report by the former administrator, there being no attempt in the meantime by any of the claimants to realize anything on the purported claims or to collect them. Whether that be true or not, we have no question but that it was the duty of appellee to make proof that these claims, upon which the petition was based, were still due and unpaid and that there was an actual deficiency existing, in order to justify the allowance of the decree herein. There is no such evidence in the record. These matters, in our judgment, appellee was bound to prove before she was entitled to have a decree entered on her petition ordering the sale of said land.

The record also shows that appellee had filed a citation proceeding in the circuit court of Fulton county claiming that appellant Calvin J. Brown had personal property belonging to the estate of Jacob Brown. It appears from the briefs that appellee had agreed to dismiss that petition in the circuit court, and it is argued by counsel for appellants that as this record does not show that the petition was dismissed, this proceeding ought not to have been heard

and disposed of until such citation proceeding in the circuit court had been heard and decided, as such a hearing might show that there were personal assets. While the court refused to allow Calvin J. Brown to be examined at length on this citation, he did answer that he had no personal assets belonging to the estate of Jacob Brown. We do not think there is merit in this argument of counsel for appellants.

Counsel for appellants also argues that the trial court erred in finding that Jacob Brown owned the real estate described in the decree and ordering its sale; that the petition and decree do not sufficiently identify the property ordered sold. With this we do not agree. We think the description of the property ordered sold, both in the petition and in the decree, is sufficiently accurate so that the property could be located and ascertained by one familiar with surveying and locating property by descriptions. The description of the property seems to be the same as that of the homestead allotted to the widow, Priscilla A. Brown, when her homestead was set off to her.

It is conceded by counsel for appellants that at his death Jacob Brown had a homestead interest in the southeast quarter of section 20, but he claims that such homestead interest has never been set off and allotted and therefore cannot be sold in this proceeding. If Brown had an estate of homestead in this property at the time of his death there can be no question, under the authorities, that the fee in said interest descended to and vested in his heirs, subject to the widow's right of dower and estate of homestead. (*Garwood* v. *Garwood,* 244 Ill. 580, and cases there cited; *Anderson* v. *Smith,* 159 id. 93.) Brown's homestead estate, if not assigned before, can be assigned in the proceedings in the proper court under a petition for an order to sell land to pay debts against the estate. (*Oettinger* v. *Specht,* 162 Ill. 179; Hurd's Stat. 1917, sec. 44, p. 1081.) There is nothing in the petition in this case stating that petitioner wished to have the homestead interest set off and

assigned, and it would not seem necessary that the petition should so state, under the reasoning in *Oettinger* v. *Specht, supra.* We think, however, it is better practice to have the petition so state and pray that the homestead interest be set off when it has not been set off theretofore. There will be nothing to prevent, when this case is remanded to the circuit court, that court authorizing an amendment, under the statute, so stating.

We do not think, on this record, that such *laches* has been shown against appellee as to prevent the filing of this petition to sell the homestead interest to apply on the payment of debts or claims properly owed by the estate of Jacob Brown. The deed from Priscilla A. Brown to Calvin J. Brown, while it was executed in 1901, was not recorded until June, 1915. At the time Calvin J. Brown received this deed from his mother, in 1901, it must be assumed that he knew the homestead estate of his father was liable to be proceeded against for its sale for the payment of debts after the termination of the homestead right, and that he purchased with a knowledge of that fact. (*Frier* v. *Lowe,* 232 Ill. 622; see, also, *Judd* v. *Ross,* 146 Ill. 40; *Bursen* v. *Goodspeed,* 60 id. 277.) If the property described in this petition is worth more than $1000, then the circuit court, after this case is remanded, can have enough of the property allotted to equal in value $1000, and such part of said land can be ordered sold for the purpose of paying the debts of the estate of Jacob Brown if it is proven that any are still due and unpaid.

Several other questions have been raised in the briefs by appellants which doubtless will not arise in the same form on another hearing of this case, and we do not deem it necessary to consider or pass upon them.

For the reasons heretofore suggested, the decree of the circuit court must be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.          *Reversed and remanded.*