## O. R. Morgan, Administrator, Appellant, v. John L. Whiteside, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 272*—*when order allowing claim is void.* An order of the county court allowing a claim against an estate is void where the record fails to show that the administrator was present in court pursuant to notice to meet claims, or that the administrator was present in any manner provided by law, as the court never acquired jurisdiction of the administrator.

2. EXECUTORS AND ADMINISTRATORS, § 198*—*when proceeding to sell lands for balance of widow's award barred.* In a proceeding to sell lands belonging to a deceased where a demand for the balance of a widow's award is claimed, and it appears that nearly 23 years elapsed after the approval of an estimate on the value of the widow's award and the death of the widow, and that 3 years elapsed after such death and the petition to sell lands by the administrator *de bonis non*, the petitioner is not entitled to relief since, although the 23 years' delay might be excused because of the widow's homestead estate, there was no effort to explain the additional delay of 3 years.

3. EXECUTORS AND ADMINISTRATORS, § 180*—*waiver or bar of widow's award.* The right to a widow's award may be waived, and the doctrine of laches and estoppel applies to such claim.

4. EVIDENCE, § 41*—*presumption of payment from lapse of time.* Independently of limitations, the law raises a presumption that a debt which has been due and unclaimed and without recognition or payment of interest for 20 years has been paid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the County Court of Johnson county; the Hon. JOHN O. COWAN, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

O. R. MORGAN, for appellant.

SPANN & SPANN, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

In 1881, James P. Mathis departed this life intestate in Johnson county, Illinois, seized of personal property of the value of $408 and 40 acres of land of the value of less than $1,000, on which he resided with his family, and left Martha L. Mathis, his widow and four children, his only heirs at law.

On January 31, 1881, letters of administration were issued by the county court of said county to one S. P. Thacker. Appraisers were appointed who estimated the value of the widow's award as $881, and this estimate with an appraisement bill and inventory were approved by the county court on the 18th day of April, 1881, and on the same day the administrator presented to the court his report showing the personal property belonging to said estate was insufficient to pay the costs and expenses of administration and the widow's award and praying an order declaring said estate insolvent and directing him to pay the accrued costs and expenses and to turn the remainder of said personal estate over to the widow on her award and that he be discharged, which report was approved by the court and orders entered as prayed and the administrator complied therewith and was discharged on that day.

The widow continued to occupy said 40 acres of land as a homestead until her death in January, 1914. After the death of Mathis, his widow was married to one Fort, who died prior to her death. No administration was ever had of her estate.

On November 27, 1916, H. P. Thacker, as administrator of the estate of S. P. Thacker, deceased, filed a petition in said court for the appointment of O. R. Morgan, public administrator of Johnson county, as administrator *de bonis non* of the estate of James F. Mathis, the prayer of that petition was granted and said administrator duly appointed and qualified.

At the January term, 1917, of said court, Morgan, as administrator *de bonis non,* filed a petition to sell the lands of which Mathis died seized to pay debts and John L. Whiteside, who had become the purchaser of said land, was made sole defendant to said petition. In the petition it was averred that S. P. Thacker, deceased, was the equitable owner of a claim of $44.60 that Thacker paid as surety of James F. Mathis, deceased. The fact as to the adjudication of the estate to be insolvent and the delivery of property to the widow on her award as above stated was also set forth in the petition.

The matters above recited appear in the evidence and are not controverted.

An answer to the petition was filed by Whiteside in which he denied the allowance of claims against said estate, and stated that he purchased said land in good faith for its full value and had made valuable and lasting improvements thereon and that the petitioner, creditors and distributees should be barred by laches and the statute of limitations.

A hearing was had in the county court April 25, 1919, and the petition dismissed and this appeal prosecuted by the administrator *de bonis non.*

It appears from the evidence that Grant Whiteside, the father of John L. Whiteside, purchased the interests of three of the heirs of James F. Mathis during the life of his widow, and that he purchased the interest of the other heir in February, 1914, and that Grant Whiteside conveyed the land by warranty deed to the appellee for $500 on February 24, 1915, and it

appears from the evidence that $500 was all the land was worth at the time the deed was made.

The first question presented is, are there any demands against the estate of James F. Mathis, deceased, for which the land in question should be sold to pay.

Counsel for the appellant, in his argument, takes the position that there are two demands against the estate of this character.

One for $44.60 and interest thereon in favor of Asahel Burnett, which it is said was allowed against Mathis' estate March 21, 1881, as of the seventh class and claimed to have been assigned by Burnett to S. P. Thacker. This is the demand on which Thacker's administrator based his petition for the appointment of an administrator *de bonis non*. The other is the balance of the widow's award.

As to the Burnett claim, the order of the county court with reference thereto, except the caption, is as follows: "Judgment for $44.60 in favor of Asahel Burnett rendered March 21, 1881, as of the seventh class, journal, page."

The record does not show the administrator was present in court on March 21, 1881, pursuant to notice to meet claims, nor does it appear the administrator was before the court in any manner provided by law. In *Hales v. Holland,* 92 Ill. 494, the Supreme Court held: "There is no pretense that there was ever any summons issued in this case, or that appearance was entered and service waived by the administrators. The probate court, therefore, never acquired jurisdiction of the persons of the administrators, and hence was powerless to allow the claim. * * * Such an order was simply void." This rule was followed in the case of *Atherton v. Hughes,* 249 Ill. 317. Under these authorities the order allowing the claim of Burnett was a nullity.

As to the balance on the widow's award, it appears

that nearly 23 years elapsed between the approval of the estimate on the value of the widow's award and the death of the widow and that 3 years elapsed between the death of the widow and the filing of the petition to sell lands by the administrator *de bonis non*. No administration was had of her estate and no one representing her or claiming any share or interest through her in the balance of her award participated in procuring the appointment of an administrator *de bonis non*. In addition to this is the fact that the only evidence offered relative to the claim for the balance of the award is the record of the county court approving the estimate of the appraisers and directing the administrator to turn the personal property to the widow.

In *Fagan v. Bach*, 253 Ill. 588, the Supreme Court quoted with approval the following: "Independently of the statute of limitations, the law raised a presumption, in the absence of explanatory evidence, that a debt which has been due and unclaimed and without recognition or payment of interest for 20 years has been paid." In *Howe v. Brown*, 287 Ill. 532, after quoting the foregoing, that court said: "The widow may waive her right to an award, and the doctrine of laches and estoppel applies to said claim."

While it might be held that because the homestead estate of the widow continued during her lifetime that was sufficient excuse for delay during that period, but the delay of 3 years after her death is not sought to be excused, and taken with the other matters above stated, the administrator *de bonis non* did not present a case entitling him to the relief prayed.

Finding no reversible error in the record the judgment and decree of the county court will be affirmed.

*Affirmed.*