S. M. WILLIAMSON & Co. *et al. v.* RAGSDALE *et al.*

*(Nashville,* December Term, 1935.)

Opinion filed July 3, 1936.

GORDON I. GORDON, FRANCIS HOLMES, YANDELL HAUN, A. A. STERNBERGER, and GRANVILLE FARRER, all of Memphis, for appellants.

BURCH, MINOR & McKAY, and C. O. FRANKLIN, all of Memphis, for appellees.

Mr. Special Justice Smith delivered the opinion of the Court.

From a decree overruling their demurrer, the chancellor granted leave to the defendants to appeal to this court, and here eight errors have been assigned.

The bill in substance alleges that in November, 1928, the Quarterly Conference of the Methodist Episcopal Church South passed a resolution authorizing the trustees of St. Paul Methodist Episcopal Church South of Memphis, Tennessee, to borrow $35,000, and that pursuant to such resolution the trustees applied to S. M. Williamson & Co., a corporation, for the loan to be secured by a deed of trust upon the church property in Memphis.

Deeming that the security afforded by the deed of trust was inadequate, S. M. Williamson & Co. imposed a requirement that the loan be further secured by at least ten or more acceptable individual guarantors, and that thereupon the trustees secured such a guaranty in writing, executed by twenty-three members of the congregation of the church, and delivered the same, properly executed, to S. M. Williamson & Co., contemporaneously with the execution and delivery of the notes and deed of trust; that the loan would not have been made except upon the additional security afforded by the guaranty, and this fact was clearly understood by all the guarantors.

The contract of guaranty, omitting the names of the guarantors, reads as follows:

"Whereas S. M. Williamson and Company, Incorporated, have sold to third parties a series of Fifty-seven (57) notes executed by the Trustees of St. Paul Methodist

Episcopal Church South of Memphis, Tennessee, dated December 15, 1928, and maturing as follows:

"Forty-four (44) notes in the sum of $500.00 each and Thirteen (13) notes in the sum of $1,000.00 each due

| | | | |
|---|---|---|---|
| $1,000.00 | in | January | 1930 |
| 1,000.00 | " | " | 1931 |
| 1,000.00 | " | " | 1932 |
| 2,000.00 | " | " | 1933 |
| 5,000.00 | " | " | 1934 |
| 5,000.00 | " | " | 1935 |
| 5,000.00 | " | " | 1936 |
| 5,000.00 | " | " | 1937 |
| 5,000.00 | " | " | 1938 |
| 5,000.00 | " | " | 1939 |

"All bearing interest from date at the rate of six (6) per cent per annum, payable semi-annually on January 1st and July 1st, the payment of which notes, with interest thereon is secured by deed of trust in favor of S. M. Williamson and P. C. Clarke, Trustees, upon property of St. Paul Methodist Episcopal Church South of Memphis, Tennessee, at the southeast corner of Euclid Avenue and Rozelle Street in Memphis, Tennessee.

"Now, therefore, in order to further secure payment of said Fifty-seven (57) notes first mentioned to the respective holders thereof at maturity,

"We, the undersigned, members of St. Paul Methodist Episcopal Church South of Memphis, Tennessee, in our individual capacities and not as officers of said Church, do hereby jointly and severally agree with S. M. Williamson and Company, Incorporated, on behalf of the Holders of said notes, that in event any of said notes with the interest thereon shall not be paid promptly when due, we, or any one of us, will upon demand,

promptly repurchase such defaulted note or notes from the holders thereof and subordinate the lien rights of such notes so repurchased under this agreement, to the lien rights of the remaining notes secured by said deed of trust in favor of S. M. Williamson and P. C. Clarke, Trustees.''

The bill further alleges that while the notes and deed of trust were dated December 15, 1934, the same date on which the contract of guaranty was executed, as a matter of fact at that time the notes had not been sold, the loan had not even been closed, and the notes and deed of trust had not been delivered to S. M. Williamson & Co., and that this fact was well known to all of the guarantors.

That after the execution and delivery of the notes, deed of trust, and guaranty agreement, S. M. Williamson & Co. sold certain of the notes to the named appellees, who, at the time the bill was filed, were the lawful owners and holders of said notes for value, before maturity and without notice.

It is further alleged that the notes described in the bill were in default as to principal and interest on the day the bill was filed, May 3, 1935, and although the appellees have repeatedly demanded the performance of the guaranty agreement by the appellants, the latter have refused to repurchase said notes in default.

The bill prayed that the court specifically enforce the repurchase covenant of the guaranty agreement against the appellants jointly and severally, or, in the alternative, that a decree be rendered against the appellants jointly and severally for the principal amount of the notes in default, held and owned by the appellees, at

the date of the institution of the suit, aggregating $12,000, together with interest due and unpaid.

The first assignment is to the effect that the chancellor erred in overruling the demurrer of the appellants for the reason that there is no equity on the face of the bill.

The sixth assignment is based on the alleged error of the chancellor in overruling the demurrer for the reason the written instrument sued on is void and of no legal effect in that: (a) It bears no date which is material in this case; (b) it affirmatively shows lack of consideration on its face; (c) it fails to show any repurchase price or method of fixing same; (d) it is too vague, indefinite, and ambiguous.

The first assignment, as well as the subdivisions marked (a), (c), and (d) of the sixth assignment, are overruled without comment.

■ The third assignment is to the effect that the court below erred in overruling the demurrer, for the reason that under the guise of showing a consideration, the bill attempts, by parol evidence, to contradict the writing which is the foundation of the suit, and to vary its legal effect and import.

While the contract of guaranty is not dated, the bill alleges that it was executed on the same date as were the notes and deed of trust, and even in the absence of such an allegation the presumption would be that it was so executed. 1 Brandt on Suretyship and Guaranty (3 Ed. 1905), sec. 23, p. 64, note 89; *Gilman* v. *Lewis,* 15 Me., 452.

■ It is argued for the appellants that the words "have sold," appearing in the preamble of the guaranty, constitute the consideration for its execution, and

that these words clearly imply a past consideration, insufficient and inadequate, to support the contract of guaranty, and further that the covenant to repurchase can be related only to the words "have sold," and consequently, as it appears on the face of the guaranty that it was based on a past consideration, it is void and of no legal effect.

The words "have sold" are no part of the consideration of the contract, but considered with their proper context are merely descriptive of the transaction by reason of which the contract of guaranty was executed.

Further, this contention utterly ignores the allegations of the bill that before S. M. Williamson & Co. agreed to make the loan it exacted as a condition precedent that the guaranty should be executed as a further security for the loan, and that if the guaranty was not executed the loan would not have been made.

In other words, to the knowledge of the appellants, the execution of the guaranty was a material inducement of the contract made between the trustees and S. M. Williamson & Co., and was known to be such by the appellants when the guaranty was executed by them.

It is well settled that where a promise that guarantors will become liable is part of the inducement on which the creditor acts in creating the original debt, this is a sufficient consideration to support the contract of the guarantors, although they subsequently sign the contract of guaranty. 1 Brandt on Suretyship and Guaranty (3 Ed., 1905), sec. 23, p. 64, and cases cited in notes 90, 91.

In 12 R. C. L., 1078, the rule is thus stated: "A guaranty, although executed subsequently to the creation of the principal obligation, if given in fullfillment of an

agreement on the faith of which the principal obligation was created, is deemed contemporaneous in effect, and requires no other consideration.''

In *Standley* v. *Miles & Adams,* 36 Miss., 434, citing *Leonard* v. *Vredenburgh,* 8 Johns. (N. Y.), 29, 5 Am. Dec., 317, and 3 Kent Com., 123, it was held that when the guaranty, although executed after the debt was created, if connected with and the inducement to the original credit, or the result of a previous promise by the guarantor upon the faith of which the credit was obtained by the original debtors, it requires no new or independent consideration to render it valid, but it is a part of the original transaction, and the consideration upon which the credit was given.

In *Mitchell* v. *Planters' Bank,* 27 Tenn. (8 Humph.), 216, the maker agreed, at the time a note was discounted, to obtain the signature of the guarantor thereon as additional security. The guarantor, at the time he signed as guarantor, was not aware of that agreement. Nevertheless the court held he was bound, saying: ''If the note was discounted, upon condition that Mitchell would endorse it, and in pursuance of this arrangement, he did endorse it, his endorsement would constitute a part of the original contract, which contract was not complete, until the name of Mitchell was placed upon the note. Nor was Mitchell at all injured by this arrangement. The fact, that the directors were told he would endorse the note, and their agreement to discount it on that condition, could not affect his perfect freedom of will, either to endorse it, or not, as he might choose. Nor could the absence of knowledge on his part, that his name had been promised, in the least degree, influence his conduct. The suggestion, therefore, that this conditional arrange-

ment, was a fraud upon Mitchell, is without foundation.'' 27 Tenn. (8 Humph.), 216, at page 223.

From a consideration of the allegations of the bill, and the authorities quoted above, the contract of guaranty was supported by a valid legal consideration, and the third assignment of error is overruled.

The second assignment is based on the ground that only the owners of notes in default were made parties complainant, whereas the owners and holders of unmatured notes should have been made complainants or defendants to the end that the court might be able to do justice, and enter a decree completely and finally construing the repurchase agreement and the rights of all parties thereto.

By a provision, not appearing in the notes, or the contract of guaranty, but only in the deed of trust, an option was given that the holder of any note in default might declare the entire indebtedness matured, and as the right to elect to invoke the acceleration clause was vested solely in the holder of any note in default, his failure so to do cannot be complained of by the appellants.

The holders of unmatured notes, not in default, did not have the right, under the acceleration clause contained in the deed of trust, to declare their notes matured, and consequently they were not necessary parties complainant, as full relief could be granted to the complainants whose notes were in default without in any manner prejudicing the owners of unmatured notes, not in default, on the ground that if and when their notes should be in default, they would have the right to maintain an action for a breach of the covenant to repurchase.

Code, sec. 8743; *Barnes* v. *Black Diamond Coal Co.*, 101 Tenn. (17 Pick.), 354, 47 S. W., 498.

The fourth assignment is to the effect that the court below erred in overruling the demurrer based on the ground that the bill is repugnant, in that it shows on its face a lack of a valid consideration to support the guaranty, and does not pray for a reformation in the attempt to enforce it in the present action.

In view of the conclusion reached in disposing of the third assignment, the fourth assignment is overruled, as plainly it is dependent on assignment three being sustained.

The fifth assignment is based on the ground that the court erred in overruling the demurrer for the reason that "the admittedly erroneous and insufficient instrument cannot be reformed, since the bill does not charge a material mistake of fact, or fraud, or other inequitable conduct on the part of the defendants."

The response made in overruling assignment 4 is equally applicable to this assignment, and it is accordingly overruled.

Subdivision (b) of the sixth assignment has been treated in the discussion of the third assignment, and requires no further comment.

The seventh assignment is based on the ground that the written agreement sued on is not a proper subject for specific performance.

As the decree of the chancellor broadly overruled the grounds of the demurrer, and no memorandum opinion was filed by him stating the reasons for his action on any of them, the court at this time refrains from ruling on the merits of this assignment, for the reason that after the facts are fully developed, the character of re-

lief, if any, to be decreed, should be left for the determination of the court below, especially as the prayer is for specific performance, or, in the alternative, for a money decree.

The eighth and last assignment is that the appellees were guilty of such laches as to disentitle them to pray the aid of a court of equity in enforcing the guaranty agreement, as the bill was filed after the lapse of many years, and the facts as to the circumstances attending the execution of the agreement are imperfectly remembered, or altogether forgotten; time having dimmed the memory of the parties, and witnesses having died or removed from the state.

Evidently this ground of demurrer was based on the allegation of the bill that two of the guarantors, Castle and Goodlett, have died since the contract of guaranty was executed, both of whom, so the bill alleges, died insolvent, and Leech, another of the guarantors, had removed from the state, and was beyond the jurisdiction of the court when the bill was filed.

Twenty of the twenty-three original guarantors were alive at the time the suit was instituted, and are named in the bill as parties defendant.

It is only in comparatively rare cases that a court of equity will sustain a defense based on laches, and certainly the bill in this cause is not subject to demurrer on that ground.

A discussion of what conditions must appear, before a defense based on laches will be sustained, may be found in *State* v. *McPhail,* 156 Tenn., 459, 2 S. W. (2d), 413; *Samuel* v. *King,* 158 Tenn., 546, 14 S. W. (2d), 963; *Robertson* v. *Davis,* 169 Tenn., 659, 90 S. W. (2d) 746.

This assignment must be overruled on the further

ground that the demurrer on which it is based is argumentative and speaking, and consequently as the assignment is bad, both in substance and in form, it is overruled.

The decree is affirmed, and the cause remanded to the court below for further proceedings not inconsistent with this opinion.

The appellants will pay the costs.