Orion Frederick FRYE, Appellant,

v.

POSTAL EMPLOYEES CREDIT UNION, Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

April 17, 1986.

Permission to Appeal Denied by Supreme Court June 30, 1986.

William A. Cohn, Cohn, Kleiman, Smith & Harris, Memphis, for appellant.

Norman G. Durham, Kirkpatrick, Kirkpatrick & Efird, Memphis, for appellee.

HIGHERS, Judge.

This is a suit to recover on a passbook account with a credit union. The trial court granted summary judgment for the defendant on the basis of laches. We reverse and remand for trial as this case is not a proper one for summary judgment.

In 1936, Fred Frye opened a passbook account with the Postal Employees Credit Union in the name of O.F. Frye, his son, who is the plaintiff in the present action. Fred Frye was president of the credit union from 1939 until 1954, and he made the final deposit into the account in 1941. The total deposits into the account amounted to $1,410.00. The passbook was placed in Fred Frye's safe deposit box and remained there until after 1980 when O.F. Frye discovered it. O.F. Frye presented the passbook to the credit union for payment, payment was denied, and the present lawsuit was filed on June 23, 1980.

A former employee of the credit union, Stacey Coleman, testified in his deposition that he personally remembered O.F. Frye withdrawing the money from the account in the early 1950's. All of the records pertinent to the passbook account have been destroyed. Ms. Elaine Brantley, the manager of the credit union in 1983 when her deposition was taken, testified that she attempted to find documentation on this account. She had "some old boxes" brought over from the basement of the former office building. These boxes contained records dating from 1967. No records pertinent to this account were found. The plaintiff alleges that certain records were destroyed after the commencement of the suit. Ms. Brantley's deposition indicates that these records were the audits performed by the State Commissioner of Banking and Insurance and that it was these examiners who destroyed the records pursuant to Commissioner's regulations.

The trial court granted summary judgment for the defendant. Summary judgment is to be rendered by a trial court only when the moving party has satisfied his burden of proof that no genuine issue of material fact exists. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn.App.1978), *cert. denied*, 441 U.S. 923,

99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). The trial court, in ruling on the motion, must view the record in the light most favorable to the motion's opponent. 573 S.W.2d 480.

The trial court's basis for summary judgment was laches. Gibson's *Suits in Chancery* (5th ed. 1955) § 81, p. 101, defines the defense of laches:

> The neglect of a person to make complaint, or bring suit in due season, he being sui juris and knowing the facts, or having the means of knowledge, is called laches; and where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in adverse rights, Courts of Equity refuse to interfere, they acting either by analogy to the statutes of limitations, or upon their own inherent doctrine of discouraging antiquated demands. The Court realizes the difficulty of doing entire justice, when the original transaction has become obscured by time and the evidence lost, and deems it good public policy to allow claims and titles long acquiesced in to remain in repose. Nevertheless, when there are circumstances excusing or justifying the delay, Courts of Equity will not refuse their aid.

Courts are to sustain the defense of laches only in comparatively rare cases. *S.M. Williamson & Co. v. Ragsdale*, 170 Tenn. 439, 95 S.W.2d 922 (1936). The applicability of the defense of laches depends upon the facts of each case. *Freeman v. Martin Robowash, Inc.*, 61 Tenn.App. 677, 457 S.W.2d 606 (1970). In *Freeman*, the court delineated the questions of fact and the questions of law involved in the defense of laches:

> The defense of laches presents a mixed question of law and fact. Two essential elements of fact are negligence and unexcused delay on the part of the complainant in asserting his alleged claim, which result in injury to the party pleading laches. *Sunderhaus v. Perel & Lowenstein* (1965) 215 Tenn. 619, 388 S.W.2d 140. The question whether in view of the established facts, relief is to be denied—that is, whether, it would be inequitable or unjust to the defendant to enforce the complainants' right—is a question of law. 27 Am.Jur.2d, Equity, § 176, pp. 722–723.
>
> 457 S.W.2d at 611.

Under the record in this case, we hold that there is a genuine issue of material fact that must be decided. Viewing the facts in the light most favorable to the plaintiff, his lack of knowledge or lack of means of knowledge of the account could excuse his delay in demanding the funds. Even though there may be injury on one side from the delay in the demand, laches may be invoked only when there is also negligence on the other side. *Samuel v. King*, 158 Tenn. 546, 14 S.W.2d 963 (1929). Mere delay is insufficient to raise the doctrine of laches. *In re Estate of Darwin*, 503 S.W.2d 511 (Tenn.1973).

Although the trial court's decision was based solely on laches and not on any applicable statute of limitations, plaintiff's brief addresses the issue, and defendant replies. The plaintiff argues that the passbook account represents stock in the credit union and that there is no statute of limitations as to the sale of stock certificates. (Plaintiff's original complaint alleged that the account was a demand account and that T.C.A. § 45–4–302 gave the plaintiff the right to withdraw his funds. The plaintiff, in 1984, amended his complaint to allege that the account represents a purchase of stock.) Defendant argues first that this is a suit for conversion and negligence and that the applicable statute of limitations is for tort. In the alternative, defendant argues that the passbook account is a demand account and that *Whitlock v. Bank of Maryville*, 612 S.W.2d 481 (Tenn.App. 1981), holds that a demand for bank deposit must be made within a reasonable time. The trial court must make a factual determination if this passbook account is a demand account or stock. In either event, viewing the facts in the light most favorable to the plaintiff, the statute would not begin to run until demand is made. The reasonableness of the plaintiff's actions in making the demand is a factual determina-

tion for the trial court to make at trial, not on summary judgment.

Lastly, if the plaintiff did indeed withdraw the money from the account in the 1950's, the question of laches or statute of limitations would not be presented. That determination, however, is also a factual one. A genuine issue of material fact exists.

We accordingly reverse the trial court and remand for further proceedings in accord with this opinion.

CRAWFORD, J., concurs.

NEARN, P.J. (W.S.), not participating.