MARY ARLT *et al.*, Plaintiffs-Appellants, v. GREATAMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION, f/k/a Trident Savings and Loan Association, Defendant-Appellee.

First District (1st Division) No. 1—90—1346

Opinion filed May 6, 1991.

Law Offices of Joseph V. Roddy, of Chicago (Joseph V. Roddy and Maricarol Lacy, of counsel), for appellants.

Schuyler, Roche & Zwirner, of Chicago (John D. Plattner, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs Mary and Frederick Arlt appeal from an order of the circuit court of Cook County which dismissed their verified amended complaint with prejudice pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). In defendant GreatAmerican Federal Savings & Loan Association's (GreatAmerican's) motion to dismiss, it argued that the action was not timely filed and was barred by "other affirmative matter." Plaintiffs allege on appeal that their action is not time barred and that questions of fact exist, thereby precluding dismissal of their case on the pleadings.

In 1961, Mary Arlt and Rose Anne Arlt opened a passbook savings account at Trident Savings & Loan Association, n/k/a GreatAmerican. Mary and Rose Anne Arlt were issued a single passbook to use when making transactions on the account. The passbook reads, "Mary Arlt and Rose Anne Arlt (sister) Trustees for Frederick Arlt (brother)." Mary and Rose Anne made various deposits to the account from 1961 through 1965, but never made any withdrawals. Mary and Rose Anne were the only people authorized to make transactions on the account. Each transaction was to be recorded in the passbook.

On September 1, 1988, Mary, Rose Anne and Frederick Arlt presented the passbook to defendant and demanded payment of the amount held in the account, plus interest; defendant refused payment. On October 11, 1988, plaintiffs filed their original complaint. Defendant filed a motion to dismiss the complaint which the circuit court granted. Thereafter, plaintiffs successfully and timely filed their verified amended complaint along with Mary, Rose Anne and Frederick Arlts' affidavits.

In plaintiffs' verified amended complaint, they allege that they had a savings passbook account in which they made various deposits, that they were the only ones authorized to make transactions on the account, that the defendant agreed to repay the amount deposited in

the account upon demand, that plaintiffs at no time withdrew money from this account, that plaintiffs made a demand for the money, and that the bank refused payment. The affidavits of Mary, Rose Anne, and Frederick Arlt reiterate the facts set out in the complaint.

Defendant filed a motion to dismiss pursuant to sections 2—619(a)(5) and (a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—619(a)(5), (a)(9)) alleging the action was time barred and that the action should be dismissed because of a presumption that the debt was paid. Defendant made the same arguments in its motion to dismiss as it does in its appellate brief. The circuit court, again, entered an order dismissing the case. The record is devoid of any indication of the basis or reasons the circuit court dismissed plaintiffs' complaint. Plaintiffs appeal this order.

When a complaint has been dismissed, the dismissal will be upheld upon any basis found in the record. (*White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 424 N.E.2d 1370.) This court should presume the dismissal was based upon one of the grounds properly presented. (*Smith v. Board of Education of East St. Louis School District No. 189* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296.) The inquiry on appeal from an order granting a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure is limited to accepting as true all well-pled facts and reasonable inferences that can be drawn therefrom and to examining whether a cause of action was stated. (*Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 445 N.E.2d 1184.) Conclusions of law, however, are not admitted. *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 220, 514 N.E.2d 208, 210.

Initially, although not raised by the parties in their briefs, this court finds that plaintiffs stated a cause of action for breach of a written indebtedness which requires a plaintiff allege the existence of a contract between plaintiff and defendant, performance by plaintiff, breach by defendant and damages resulting from the breach. (*Cf. Quake Construction, Inc. v. American Airlines, Inc.* (1989), 181 Ill. App. 3d 908, 537 N.E.2d 863.) Plaintiffs properly allege that they had a contract with defendant, that they presented their passbook when transacting on the account, that upon presentment of their passbook defendant refused to pay plaintiffs the amount indicated in the passbook, and that the plaintiffs are damaged by not being able to retrieve their money. Thus, plaintiffs have properly alleged all the elements of a cause of action for breach of a written indebtedness, and in doing so, have stated a cause of action.

■ Defendant argues that the circuit court properly dismissed plaintiffs' cause of action because it was not commenced within the 10-year time limit provided in section 13—206 of the Code of Civil Procedure. This section provides in pertinent part that "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued." (Ill. Rev. Stat. 1987, ch. 110, par. 13—206.) As section 13—206 states, the 10-year period begins to run after a cause of action accrues. Plaintiffs and defendant disagree as to when plaintiffs' cause of action accrued. Plaintiffs and defendant do, however, agree that a savings account passbook is a form of indebtedness governed by the 10-year statute of limitations. (See *Biehl v. H.N. Schuyler State Bank* (1940), 305 Ill. App. 166, 26 N.E.2d 998 (abstract of opinion).) The question with which this court must concern itself, therefore, is when plaintiffs' cause of action accrued.

Plaintiffs cite cases to support their position that a plaintiff's right to maintain an action on a written indebtedness does not accrue until "a demand for payment has been made." (*Quigley v. W.N. Macqueen & Co.* (1926), 321 Ill. 124, 151 N.E. 487; *Emerson v. North American Transportation & Trading Co.* (1922), 303 Ill. 282, 135 N.E. 497.) Defendant does not dispute this rule of law. Rather, defendant contends that the rule is qualified in that where there is no time fixed for performance, as with a savings account, "demand must be made within a reasonable time." *Quigley*, 321 Ill. at 127, 151 N.E. at 489.

■ Defendant asserts that plaintiffs did not make their demand for the amount evidenced in the passbook within a reasonable time. This assertion, however, confuses the issues. The determination of whether demand was made within a reasonable time does not govern whether or not a cause of action is barred by the statute of limitations. The statute of limitations issue is governed solely by when demand was made and refused and when the action was filed. (See Ill. Rev. Stat. 1987, ch. 110, par. 13—206.) Plaintiffs' cause of action accrued on September 1, 1988, when they demanded and defendant refused to pay them the monies evidenced in the passbook. Therefore, under section 13—206, plaintiffs have until September 1, 1998, in which to file this action. Consequently, this court holds that plaintiffs filed their action within the limitations period.

■ Turning to defendant's argument that plaintiffs did not make demand within a reasonable time, we find that this is a factual question inappropriate for the circuit court to determine at this juncture

in the proceedings. (See *Frye v. Postal Employees Credit Union* (Tenn. Ct. App. 1986), 713 S.W.2d 324, 326-27.) An inquiry into whether or not demand was made within a reasonable time requires the trier of fact to consider all the surrounding circumstances. (*Frye,* 713 S.W.2d at 327.) Further, it would not be equitable to allow defendant to argue that demand must be made within a reasonable time because banks and savings and loans advertise to coax people to deposit money in a savings account for their newborn child or grand-. child. After people deposit money for their children, they leave the money in the account to accumulate interest until the child is 18 or 20 years old and withdraws the money. Similarly, banks encourage people to open Individual Retirement Accounts (IRAs). A person who opens an IRA usually leaves the money in the account for an extended period of time because there is a penalty for withdrawing the money early. Clearly, banks are communicating that it is reasonable to deposit money into an account and leave it in the account for over 10 years. For the reasons stated above, we remand this case with instructions that the circuit court allow the parties an appropriate time in which to conduct discovery.

Relying on *Fagan v. Bach* (1912), 253 Ill. 588, 97 N.E. 1087, and *Mills v. Mills* (1960), 27 Ill. App. 2d 50, 169 N.E.2d 177, defendant asserts that since plaintiffs failed to demand payment of the amount evidenced in the passbook within 20 years, the debt is presumed paid. There is only one case in Illinois which applies this presumption to a savings account passbook; however, we find the circumstances and evidence vastly different from the case at bar. See *In re Estate of Fantozzi* (1989), 183 Ill. App. 3d 732, 539 N.E.2d 340.

Relying on *Fantozzi*, defendant contends that alleging possession of a passbook and the failure to pay after demand is insufficient to overcome the presumption that it paid plaintiffs the amount indicated in the passbook. In *Fantozzi*, the court found the following facts significant in finding the plaintiff did not rebut the presumption: (1) that the owner of the passbook had been deceased for 24 years and his wife could not testify that the deceased had not withdrawn the funds; (2) that the deceased had purchased a home for cash and his wife did not know the source of the cash; (3) that the wife did not even know if the contents of the passbook belonged to the decedent personally; and (4) that the checking account and safety deposit box in the deceased's name were frozen at the time of his death, which supports the inference that any other account in the deceased's name would have been discovered at the same time since notice of deceased's

death went to all departments of the bank. *Fantozzi*, 183 Ill. App. 3d at 736-37, 539 N.E.2d at 342-43.

A plaintiff must be allowed the opportunity to rebut the presumption of payment by clear and convincing evidence. (*Mills*, 27 Ill. App. 2d at 59, 169 N.E.2d at 181-82.) The circumstances in the case at bar are substantially different from those in *Fantozzi*. Since for purposes of determining a section 2—619 motion all well-pled facts and all reasonable inferences drawn therefrom are admitted, the facts admitted are that (1) presentment of the passbook was required for every transaction, (2) the passbook does not indicate any withdrawals, (3) plaintiffs' complaint and sworn affidavits indicate no withdrawals were ever made from the account, (4) the passbook never left plaintiffs' residence, where they have resided for 59 years, except when plaintiffs made the previously mentioned deposits, (5) plaintiffs never received any notification from defendant or any other entity that the account was considered abandoned, and (6) plaintiffs presented the passbook in anticipation of defendant paying the amount evidenced in it. Based on the facts admitted, this court cannot say, as a matter of law or fact, that plaintiffs will not be able to overcome the presumption of payment on remand.

Lastly, we consider defendant's reliance on the Uniform Disposition of Unclaimed Property Act unpersuasive. There are no facts in the record that indicate that defendant followed the procedures therein, particularly the giving of notice as prescribed by the act.

We find that the plaintiffs stated a cause of action and filed their complaint within the statute of limitations period. Since we are unable at this juncture in the proceedings, as is the circuit court, to determine whether demand was made within a reasonable time, we remand this cause with instructions that the circuit court allow the parties an appropriate time period in which to conduct discovery.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded with instructions.

Reversed and remanded with instructions.

CAMPBELL and O'CONNOR, JJ., concur.