IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2013

ELI TOM ORR v. TENNESSEE DEPARTMENT OF SAFETY

Appeal from the Chancery Court for Davidson County
No. 12828III    Ellen H. Lyle, Chancellor

No. M2012-02711-COA-R3-CV - Filed February 4, 2014

A person whose property was seized, and subsequently forfeited, pursuant to a drug arrest challenges the actions of the Department of Safety. In light of the nine-year delay in the filing of a petition for review, we find no error in the trial court's dismissal of the action.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Eli Tom Orr, Pollock, Louisana, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General; for the appellee, State of Tennessee, Department of Safety.

OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Eli Tom Orr filed a pro se petition for judicial review regarding the forfeiture of certain property seized from Mr. Orr during an arrest on March 8, 2003.[1] According to Mr. Orr, the Memphis police department seized a 2000 Cadillac Deville and its contents—tires and rims, clothing, and jewelry—as well as cash taken from his pocket. Mr. Orr alleges that

---

[1]As discussed below, there is no certified administrative record in this case. Our statement of the basic facts is gleaned from the petitioner's filings.

the seizing agency did not follow the statutory procedures, in particular the provisions requiring notice to the owner of the property seized. On May 28, 2003, the Commissioner of Safety issued an order forfeiting the cash seized, noting that no claim had been filed.

As a result of the arrest on March 8, 2003, Mr. Orr was charged with a felony drug offense. The case against him was dismissed on August 16, 2007. On September 4, 2007, Mr. Orr filed a motion for return of seized property in criminal court. This motion was denied for lack of jurisdiction.

It appears that Mr. Orr contacted the Tennessee Department of Safety ("DOS") in 2012 seeking the return of the seized property. A staff attorney, Joe Bartlett, replied to Mr. Orr's inquiry in March 2012 and stated that the cash seized "was forfeited for failure to file any claims back in 2003." The staff attorney found no record of any seizure of a vehicle, but referenced a check from the seizing agency regarding a companion case "under the name of Gloria Howard on a 2000 Cadillac Deville." The Cadillac "was forfeited subject to the lienholder interest." Mr. Bartlett referred Mr. Orr to the Memphis police department for further information. In response to another inquiry from Mr. Orr, Mr. Bartlett sent a second letter on April 20, 2012 in which he stated:

> Due to the length of time that has passed, all of our files have been destroyed with the exception of what I can only see on the computer as to the cases [sic] status. You will need to deal directly with the agency that seized your property if you feel some impropriety occurred. I can tell you that no property would have been forfeited until such time as the Judge on the case had been given evidence that notice had been attempted. . . . In this particular case however, since the files have been destroyed I cannot pull up the actual notice which was given. This case became final long ago. Files such as this are kept by the State for 7 years then they are destroyed to make room for new files.

Mr. Orr filed a petition for judicial review on June 7, 2012. The DOS moved to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The DOS alleged that it was unable to provide a certified administrative record because most of the relevant records had been purged "in the ordinary course of business." The DOS submitted two exhibits: (1) a record of the forfeiture of the 2000 Cadillac Deville, titled to Gloria Howard and Joe Sheppard, indicating that no claim had been filed; and (2) the police report concerning the March 2003 incident that precipitated the seizures of the money and the vehicle.

In a memorandum and order entered on November 21, 2012, the trial court granted the DOS's motion to dismiss for lack of jurisdiction because of Mr. Orr's failure to timely

file the petition for review.  As an additional basis for dismissal, the trial court reasoned that "[t]he passage of time and delay in asserting the claim hampers the Department in gathering evidence and, therefore, is unfairly prejudicial to the Department."

In his appeal, Mr. Orr raises the following issues:

1.  Was there a legal basis for seizing and forfeiting appellant's property such that appellant's Fourth Amendment right to be free from unreasonable seizures was not violated?

2.  Did the Department of Safety follow the prescribed procedures in forfeiting appellant's property such that his Fifth Amendment right to due process was not violated?

3.  Did the Department of Safety's letters rejecting appellant's claim for return of his property constitute an appealable final order of the agency?

4.  Did the Department of Safety's practice of purging its seizure and forfeiture records after seven years establish a de facto statute of limitations that bars appellant from pursuing a claim for return of seized property that did not accrue until 2012?

ANALYSIS

The first issue we must address is whether the trial court had subject matter jurisdiction to hear this case.  Subject matter jurisdiction generally presents a question of law, which we review de novo without a presumption of correctness.  *Harmon v. Jones*, No. E2010-02500-COA-R3-CV, 2012 WL 3291792, at *6 (Tenn. Ct. App. Aug. 14, 2012).

Appeals of administrative forfeitures are to be conducted under the procedures set forth in Tenn. Code Ann. § 4-5-322 for contested cases under the Uniform Administrative Procedures Act.  Tenn. Code Ann. § 40-33-213(b).  Tennessee Code Annotated section 4-5-322(b)(1)(A) provides that petitions for review "shall be filed within sixty (60) days after the entry of the agency's final order thereon."  This time limit has been held to be jurisdictional: "a court cannot review the merits of the case if it is filed outside the appropriate time period." *Loudermilk v. Tenn. Dep't of Safety*, No. M2010-00417-COA-R3-CV, 2010 WL 4547256, at *2 (Tenn. Ct. App. Nov. 9, 2010) (citing *Bishop v. Tenn. Dep't of Corr.*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994)).

Mr. Orr argues that the April 20, 2012 letter from Mr. Bartlett should be considered

3

the final decision of the DOS for purposes of judicial review. We cannot agree. A final order "fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court [or agency] to do." *Hoalcraft v. Smithson*, 19 S.W.3d 822, 827 (Tenn. Ct. App. 1999). If a party aggrieved by a seizure of property does not file a claim within the required time period, the "seized property shall be forfeited and disposed of as provided by law." Tenn. Code Ann. § 40-33-206(c). In the present case, the final order of forfeiture was entered on May 28, 2003. Mr. Bartlett's letters responding to Mr. Orr's inquiries in 2012 provided him with information concerning the previous forfeiture proceedings; they did not constitute agency actions regarding the forfeiture.

Mr. Orr attempts to excuse his failure to comply with the 60-day time limit for filing a petition for review by asserting that he did not receive the required notice of seizure or forfeiture order. *See* Tenn. Code Ann. § 40-33-203(a). The DOS states that the records containing the notice of seizure and forfeiture order were destroyed after seven years.[2] In his appellate brief, Mr. Orr asserts that, "The first appellant heard about seizure or forfeiture was the Department of Safety's lawyer's letter of 20 March 2012 . . . ." There is no dispute, however, that Mr. Orr filed a motion for return of seized property in the criminal court on September 4, 2007 seeking the return of the same property at issue here. Even if we accepted Mr. Orr's allegation that the DOS failed to provide him with notice, he knew that his property had been seized before he filed his motion in criminal court; after the criminal court dismissed his case for lack of jurisdiction, Mr. Orr did not pursue the matter further until 2012. After the passage of nine years from the original seizure, the DOS no longer has the records to substantiate its claim that it complied with the statutory procedural requirements. In light of the unexcused delay in filing the petition for review, we find no error in the trial court's decision to dismiss the petition for lack of jurisdiction. *See Bryant v. Greene*, No. 01A01-9509-CH-00398, 1997 WL 170340, at *1 (Tenn. Ct. App. Apr. 11, 1997) (dismissal of petition for review affirmed where petitioner offered no explanation for failing to file within 60 days of "discovering" forfeiture order); *Frye v. Postal Emps. Credit Union*, 713 S.W.2d 324, 326 (Tenn. Ct. App. 1986) (discussion of laches).

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

_____

[2]The Public Records Commission oversees procedures for the retention, disposition, and destruction of state agency records. Tenn. Comp. R. & Regs. 1210-01-05.

4